W. R. SHIELDS, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed November 29, 1919.

1.  Where an indictment is expressly and in terms predicated upon a statute which was enacted after the offense charged is

alleged in the indictment and shown by the evidence to have been committed, a judgment of conviction under the indictment will be reversed, even though the indictment and the evidence may show elements of an offense defined by a statute that was in force when the Act is shown to have been committed, which law was subsequently repealed by the statute under which the indictment was found.

2. Where an indictment for a felony is expressly brought under a statute that was not in force at the time the alleged offense was committed, a defendant is entitled to all the rights afforded by law in defense of the penalties sought to be imposed by the inapplicable statute.

A Writ of Error to the Circuit Court for Wakulla County; E. C. Love, Judge.

Judgment reversed.

*W. C. Hodges,* for Plaintiff in Error;

*Van C. Swearingen,* Attorney General, and *D. Stuart Gillis,* Assistant, for the State.

WHITFIELD, J.—The indictment herein charges that "W. R. Shields, a male person, late of the County of Wakulla aforesaid, in the Circuit and State aforesaid, laborer, on the fifteenth day of July, in the year of our Lord one thousand nine hundred and eighteen, with force and arms at and in the County of Wakulla aforesaid did then and there unlawfully have carnal intercourse with one Annie Blye Cooper, she the said Annie Blye Cooper being then and there an unmarried female person of previous chaste character and was then and there of less than the age of eighteen years, to-wit: of the age of fourteen years, against the form of the statute in such case made and provided,

to the evil example of all others in the like case offending, and against the peace and dignity of the State of Florida."

Writ of error was taken to a judgment of conviction under the charge, and it is argued that the verdict is contrary to the law under the evidence.

It is assumed that on July 15, 1918, when the offense is alleged and shown to have been committed, the following statute was in force:

"Whoever has carnal intercourse with any unmarried female who is, at the time of such intercourse, under the age of eighteen years, shall be punished by imprisonment in the State penitentiary not more than ten years, or by fine not exceeding two thousand dollars." Sec. 3521, Gen. Stats. 1906, Compiled Laws, 1914.

This assumption is indulged in for the reason that it is conceded that Chapter 6974, Acts of 1915, purporting to amend Section 3521, General Statutes, is invalid because of a fatally defective title, the subject of the Act not being in anyway expressed in the title as is required by Section 16, Article III of the State Constitution.

Subsequently to the date of which the offense is alleged and shown to have been committed, the following statute became effective on November 29, 1918:

"CHAPTER 7732—(No. 7).

"AN ACT to Prohibit Unlawful Carnal Intercourse with an Unmarried Female of Previous Chaste Character Under the Age of Eighteen Years, and to Provide Penalty for the Punishment of Such Offense.

"Be It Enacted by the Legislaure of the State of Florida:

"Section 1. That from and after the passage and approval of this Act any male person who has unlawful carnal intercourse with any unmarried female person of previous character, who is at the time of such intercourse under the age of eighteen years, shall be punished by imprisonment in the State penitentiary not more than ten years, or by fine not exceeding Two Thousand Dollars.

"Section 2. All laws or parts of laws in conflict with the provisions of this Act are hereby repealed.

"Section 3. This Act shall take effect immediately upon its passage and approval by the Governor, or upon its becoming a law without such approval.

"Passed by Legislature session 1917 and vetoed by the Governor.

"Reconsidered by Special Session 1918.

"Passed by House of Representatives over Governor's veto Nov. 27, 1918.

"Passed by Senate over Governor's veto Nov. 29, 1918."

Section 32 of Article III of the Constitution of 1885 provides that "the repeal or amendment of any criminal statute shall not affect the prosecution or punishment of any crime committed before such repeal or amendment." The effect of this constitutional provision is to give to all criminal legislation a *prospective* effectiveness; that is to say, the repeal or amendment, by subsequent legislation, of a pre-existing criminal statute does not become effective, either as a repeal or as an amendment of such pre-existing statute *in so far as offenses are concerned that have been already committed prior to the taking effect* of such repealing or amending law. And a crime committed prior to the taking effect of a statute that amends or repeals the law violated by the commission of such crime stands for prosecution and punishment under the

law that it violated at the time of its commission, notwithstanding the subsequent repeal or amendment of such law. Raines v. State, 42 Fla. 141, 28 South. Rep. 57; Reynolds v. State, 33 Fla. 301, 14 South. Rep. 723; Sigsbee v. State, 43 Fla. 524, 30 South. Rep. 816.

The indictment herein clearly shows that it was drawn under the quoted Act of November 29, 1918, though the offense is charged to have been committed July 15, 1918, prior to the enactment and taking effect of the statute on which the indictment is predicated. Whatley v. State, 46 Fla. 145, 35 South. Rep. 80.

While elements of the offense defined by Section 3521, General Statutes, were alleged in the indictment, yet the State has not in form or effect predicated the indictment upon that statute, but upon the express terms of the law that was enacted after the offense was committed, which terms are essentially different from those contained in the repealed statute, though they may not impose an added burden upon the defendant.

Where an indictment is expressly and in terms predicted upon a statute which was enacted after the offense charged is alleged in the indictment and shown by the evidence to have been committed, a judgment of conviction under the indictment will be reversed, even though the indictment and the evidence may show elements of an offense defined by a statute that was in force when the act is shown to have been committed, which law was subsequently repealed by the statute under which the indictment was found.

Under Section 11, Declaration of Rights of the State Constitution, a defendant has a right to have "the nature and cause of the accusation against him" properly

stated in order that he may advisedly concert his defense.

Where an indictment for a felony is expressly brought under a statute that was not in force at the time the alleged offense was committed, a defendant is entitled to all the rights afforded by law in defense of the penalties sought to be imposed by the inapplicable statute.

Judgment reversed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.