WILLIAM STEFFANOS; *Plaintiff in Error, v.* THE STATE OF
FLORIDA, *Defendant in Error.*

## Opinion Filed July 20, 1920.

1. An information charging a male person with having carnal
   intercourse with an unmarried female of previous chaste
   character who at the time of such intercourse was under the
   age of eighteen years, and such offense is alleged to have
   been committed at a time subsequent to the passage of
   Chapter 7732, Laws of Florida, 1918, is not bad because it
   omits the word "unlawful" just preceding the words "carnal
   intercourse."

2. An information should not be quashed on account of any de-
   fects in form unless it is so vague, indistinct and indefinite
   as to mislead the accused and embarrass him in the prepara-
   tion of his defense or expose him after conviction or acquit-
   tal to substantial danger of a new prosecution for the same
   offense.

3. In the prosecution of a male person under Chapter 7732,
   Laws of Florida, 1918, for having unlawful carnal inter-
   course with an unmarried female person of previous chaste
   character who at the time of such intercourse was under the
   age of eighteen years, evidence of acts of unchastity on the
   part of such female committed prior to the date of the al-
   leged offense is material and should not be excluded.

4. In a criminal prosecution where the parties have announced
   that there is no more evidence to be introduced upon either
   side, it is reversible error for the court to prohibit the de-
   fendant from offering additional evidence material to his de-
   fense when this offer is made in good faith, and there is no
   evidence of dilatoriness or negligence on the part of the de-
   fense in not offering it earlier, and the arguments of coun-
   sel have not been made, and the cause not submitted to the
   jury under the court's charge.

5.  In a criminal prosecution counsel for the State should make
    no comment upon the defendant's failure to testify when
    such is the case.

A Writ of Error to the Criminal Court of Record for
Dade County; J. Emmet Wolfe, Judge.

Judgment reversed.

*Gautier* & *Riley,* for Plaintiff in Error;

*Van C. Swearingen,* Attorney General, and *D. Stuart
Gillis,* Assistant, for the State.

ELLIS, J.—The plaintiff in error was informed against
in the Criminal Court of Record for Dade County upon
the charge of having carnal intercourse with an unmar-
ried female of previous chaste character who was at the
time of such intercourse under the age of eighteen years,
"contrary to the form of the statute in such case made
and provided." The plaintiff in error was convicted and
sentenced to hard labor in the State prison, and seeks
a reversal of the judgment on writ of error.

Motions to quash the information and in arrest of judg-
ment were made and denied, and such rulings constitute
the basis of the first and second assignments of error.

It is contended that the information which follows the
language of the Acts of 1915, Chapter 6974, amending
Section 3521, General Statutes, 1906, instead of the lan-
guage of the Act of 1918, Chapter 7732, which repealed
the former Acts upon the subject, should have been
quashed or the judgment arrested because the offense was
alleged to have been committed after the passage of the
Act of 1918.

In the case of Shields v. State, 78 Fla. 524, 83 South. Rep. 391, the indictment was drawn under the Act of 1918, Chapter 7732, and alleged the offense to have been committed in July, 1918, or before the passage of the latter Act. Section 3521, General Statutes, 1906, was then in force because Chapter 6974, Acts of 1915, which undertook to amend the section of the General Statutes, was invalid in that the subject of the Act was not expressed in the title as required by Section 16, Article III, of the Constitution. Now Section 3521, General Statutes, is materially different in terms from the Act of 1918, Chapter 7732, in that the former denounced as a felony the act of having carnal intercourse with an unmarried female under the age of eighteen years, while the Act of 1918, Chapter 7732, adds the further qualification of previous chaste character in the description of the female with whom it shall be a felony for a male person to have carnal intercourse.

In the Shields case the judgment was reversed because the indictment was expressly and in terms predicated upon a statute which was enacted after the offense charged was alleged to have been committed.

If the indictment in the Shields case had been based upon Section 3521, General Statutes, a different case would have been presented.

Now the Act of 1915, Chapter 6974, which is deemed to be void because of a defective title, omits the word "unlawful" in denouncing the offense of carnal intercourse with any unmarried female of previous chaste character, while the language of the Act of 1918, Chapter 7732, is as follows: "Any male person who has *unlawful* carnal intercourse with any unmarried female person of previous chaste character," etc.

The information in this case omits the word *"unlawful"* in charging the defendant with the act of having "carnal intercourse" with the unmarried "female" of previous chaste character who at the time of such intercourse was under the age of eighteen years. The word "person" is also omitted, but is contained in the Act of 1918 after the word "female," and omitted from the Act of 1915, and not the language *ipsissimis verbis* of the Act of 1918.

As the crime was alleged to have been committed after the passage of the Act of 1918, the information should have been drawn under that Act. But the question is, does the omission of the words "unlawful" and "person" from the information vitiate it as a pleading under the Act of 1918. We think that such omission of the quoted words does not render the information bad, because the information was not so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense. Sec. 3962, General Statutes of Florida, 1906, Compiled Laws, 1914.

The omission of the word "person" after the word "female" could of course have no possible embarrassing effect upon the defendant in the preparation of his defense, because the language of the information clearly showed that the "female" upon whom the offense was alleged to have been committed was a rational being and not a beast.

The omission of the word unlawful was harmless because any carnal intercourse between unmarried persons, or persons unmarried to each other even with the female's consent is unlawful. So the information was cor-

rectly drawn and the two first assignments of error fail.

The third assignment of error is based upon the order overruling the motion for a new trial. The tenth ground of the motion attacks the ruling of the Court denying to defendant the right to produce witnesses to show "acts of unchastity" on the part of the prosecutrix prior to April 30, 1919, the date upon which the defendant is alleged to have had carnal intercourse with her. This ruling occurred Monday morning when the court convened. Saturday night each party announced that it had no further evidence to introduce. Monday upon the convening of court the defendant moved the court to be permitted to call witnesses to establish the previous unchaste character of the prosecutrix. This motion was denied upon the ground that the defendant had announced the Saturday night before that he had no further testimony to introduce. This ruling was harmful error. The evidence offered was most material, going to the very gist of the offense. If the testimony offered was of such character that the jury might have believed it, the innocence of the defendant would have been established. The evidence offered was a denial of a most material element of the offense charged and was of such character as to strengthen the evidence previously introduced of a circumstantial nature denying the previous chaste character of the prosecutrix.

To preclude one from introducing evidence so material to his defense and persuasive perhaps of his innocence, merely because he had said that he had no more testimony to offer, is to enforce a rule of procedure almost to the point of a denial of justice. It is to sacrifice liberty to a mere form of procedure of court room usage the

observance of which is to bring about the orderly intro-
duction of evidence by the respective parties.    But such
rules ought not to be applied with such technical preci-
sion and unbonding rigor as to produce injustice. See 38
Cyc. 1353. They should be enforced or relaxed in the fur-
therance of justice. The motion was to reopen the case,
but the case was not technically closed. The judge had
not charged the jury, the counsel had not begun the ar-
gument, the case had not been submitted.   It had only
reached that stage where each party announced that i
rested, that there was no more evidence to be introduced.
The court then took a recess. Upon convening on Monday
following the motion was made. Whatever delay or con-
fusion may have resulted in the trial of the case by per-
mitting the witnesses to testify might have been fully
requited by the establishment of defendant's innocence,
for it was the province of the jury to weigh the evidence
introduced and place a value upon its probative force.

Even if the case had been technically closed it would
have been an abuse of discretion to refuse to open the
case and permit the evidence to be introduced upon the
proper showing being made as to why it had been pre-
viously omitted. See 38 Cyc. 1361.

While the record does not disclose that any showing
was made when the motion was submitted, yet the cause
had not proceeded so far that the ends of justice would
have been defeated or the orderly processes of the court
disturbed by an admission of the testimony.

The refusal to allow the evidence to be introduced un-
der the circumstances was an abuse of discretion which
was harmful to the defendant and was therefore error.

During the argument of counsel the prosecuting attorney commented upon the failure of the accused to testify in his behalf. Exception was taken to the remarks of counsel by the defendant and the court corrected the prosecuting attorney and instructed the jury to disregard the statement, but he did so in such words as to render the correction of little value to the defendant. While we do not hold the transaction as it appears to have occurred reversible error, we think that when prosecuting attorneys do violate the plain language of the statute their remarks should be expunged so far as possible, and removed from consideration by the jury.

For the error pointed out the judgment is hereby reversed.

BROWNE, C. J., AND TAYLOR, J., concur.

WHITFIELD AND WEST, J. J., dissent.