337 So.2d 976 (1976)
Karen LANE, Appellant,
v.
STATE of Florida, Appellee.
No. 48355.
Supreme Court of Florida.
September 23, 1976.
Ron K. Zimmet, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Jeanne Dawes Schwartz, Asst. Atty. Gen., for appellee.
BOYD, Judge.
Appellant was charged by an information filed August 27, 1975, with uttering a worthless check on January 15, 1974, in the amount of $24.86, a misdemeanor in the second degree. Although the information was filed within the two-year period of the Statute of Limitations in existence at the time the crime was alleged to have been committed, appellant moved to dismiss the charge on the ground that it was barred by the one-year Statute of Limitations, Section *977 775.15(2)(d), Florida Statutes (1975). Subsequent to the time the crime was alleged to have been committed, that section was enacted as part of the Florida Criminal Code, Chapter 775, Florida Statutes, and became effective on July 1, 1975. The trial court denied the motion and appellant was convicted.
In its order denying the motion the trial court stated, "... to interpret the statute in favor of the Defendant would be in violation of Article 10, Paragraph 9 of the Florida Constitution, the effect of this provision being that the repeal or amendment of an existing criminal statute does not become effective as to offenses committed prior to the effective date of the repealing or amending law (See Raines v. State [42 Fla. 141], 28 So. 57; Shields v. State [78 Fla. 524], 83 So. 391; and Plummer v. State [83 Fla. 689], 92 So. 222)... ."
By virtue of the above statement this Court has jurisdiction of this direct appeal[1] even though we dispose of the appeal on a non-constitutional ground.[2]
The Florida Criminal Code provides for its applicability to antecedent offenses in Section 775.011, Florida Statutes (1975):
"(2) Except as provided in subsection (3), the code does not apply to offenses committed prior to July 1, 1975, and prosecutions for such offenses shall be governed by the prior law. For the purposes of this section, an offense was committed prior to July 1, 1975, if any of the material elements of the offense occurred prior thereto.
"(3) In any case pending on or after October 1, 1975, involving an offense committed prior to such date, the provisions of the code involving any quasi-procedural matter shall govern, insofar as they are justly applicable, and the provisions of the code according a defense or mitigation or establishing a penalty shall apply only with the consent of the defendant."
The issue here, then, is whether the application of a Statute of Limitations is a quasi-procedural matter, so as to permit the charge against appellant to be governed by the revised Statute of Limitations. In State ex rel. Manucy v. Wadsworth, 293 So.2d 345 (Fla. 1974), this Court held that the application of a Statute of Limitations is a substantive matter. Consequently, this case falls within Section 775.011(2), Florida Statutes (1975), rather than Section 775.011(3), Florida Statutes (1975) and, therefore, is governed by the Statute of Limitations in effect at the time of the crime. We note that counsel for appellant, the Public Defender, Seventh Judicial Circuit, filed an Anders brief in this cause because it was recognized that in light of Manucy the appeal is frivolous.
The trial court's denial of the motion was correct. Appellant's conviction is affirmed.
It is so ordered.
OVERTON, C.J., and ENGLAND, SUNDBERG and HATCHETT, JJ., concur.
NOTES
[1] Art. V, § 3(b)(1), Fla. Const.; See Ogle v. Pepin, 273 So.2d 391 (Fla. 1976).
[2] Metropolitan Dade County Transit Authority v. State, 283 So.2d 99 (Fla. 1973).