## STATE OF FLORIDA v. CARTER
### Case No. 80-850
Eighteenth Judicial Circuit, Seminole County
May 23, 1981

Office of the State Attorney, Seminole County, for plaintiff.

Dennis F. Fountain, for defendant.

DOMINICK J. SALFI, Circuit Judge

THIS CAUSE came onto be heard on the Defendant's Motion To Set Aside and Vacate Verdict and For New Trial. The Court reviewed the record, the Memorandum of Law in support of the Motion and heard argument of Counsel for the State and the Defendant. The record indicates the following facts:

> The Defendant, BRONZIE L. CARTER was brought to a jury trial on two counts contained in an Information. The first count charged him with the crime of sexual battery without consent and in the process thereof used physical force and violence not likely to cause serious personal injury. The second count charged the Defendant with having "unlawful intercourse with an unmarried person . . . , she being of prior chaste character, who at the time of said intercourse . . . , was under the age of 18 years."

The jury returned a verdict of not guilty as to Count I and guilty as Count II. The Defendant timely filed a Motion To Set Aside and Vacate Verdict and For New Trial.

In the Defendant's Motion, he claimed that the Court committed error by allowing the prosecutrix to testify as to her age over objection by the defense. The defense contended that the Prosecutrix lacked first-hand knowledge of her date of birth and her age. Further, the defense contended that any testimony elicited from her on this matter would be hearsay and therefore inadmissible.

The Court agrees with the defense that the testimony of the prosecutrix as to her age was hearsay and improperly allowed into evidence.

The *Florida Evidence Code* replaces and supersedes statutory or common law in conflict with it. F.S.S. 90.102. It further provides that hearsay is inadmissible except as provided by statute.

While common law and earlier statute seemed to have carved an exception to the hearsay rule which allow a person to testify in Court about his age and family history, see e.g., *Antelope v. U.S.*, 185 F.2d174 (10th Cir. 1950), the *Florida Evidence Code* does not do so.

Only three provisions of the "Code" refer to exceptions to the hearsay rule regarding evidence of birth, pedigree and family history. The first two, F.S.S. 90.803(12) and F.S.S. 90.803(13) deal with the admission of documents. Neither requires that the declarant be unavailable. However, neither are applicable.

The third exception, contained in F.S. 90.804(d), is also not applicable because it requires unavailability of the declarant.

The state did not offer any predicate of unavailability of the declarant.

Since the testimony regarding the prosecutrix's age was hearsay and did not fall within any exceptions to the hearsay rule it should not have been admitted. Further, the age of the prosecutrix is a material element of the crime of which the Defendant was found guilty. Because there was no other evidence of the age of the prosecutrix presented at trial the state failed to prove one element of the crime the finding of guilty cannot stand.

IT IS THEREFORE ORDERED that because the State failed to prove that the prosecutrix was below the age of 18 years the verdict is set aside and the judgment is arrested.

The defense further contended in its Motion that the jury was improperly charged on the elements of the offense in Count II of the Information and that the State failed to prove all elements of the crime charged. This contention is founded on a request for a Special Jury Instruction by the defense. The instructions read:

> It is a criminal act for any person to have unlawful carnal intercourse with any unmarried person; of previous chaste character, who at the time of such intercourse is under the age of 18 years.

Florida Standard Jury Instructions: 2.07 P. 106

In addition to the above:

> Unlawful intercourse is that which is unlawful as a result of the State having proven beyond and to the exclusion of a reasonable doubt that such intercourse was committed in violation of a statute of the State of Florida other than the instant statute.

If the jury finds that this statute has been violated it must first find that the intercourse was in violation of another Florida Statute.

The Court chose not to use the defense's requested jury instruction and instead charged the jury in accordance with Florida Standard Jury Instructions.

The defense contends that the crime defined in F.S.S. 794.05 has five elements. The Standard Jury Instructions set forth four elements. The Court agrees that in order to prove the crime the state must prove that in addition to (1) carnal intercourse, (2) with an unmarried person, (3) of prior chaste character and (4) under the age of 18 years, the act was otherwise unlawful.

Florida decisions have consistently held that the elements of the crime of statutory rape are four (4) in number: (1) carnal intercourse; (2) with unmarried person; (3) under the age of 18 years; and (4) of previous chaste character. The Standard Jury Instructions set forth these same four (4) elements.

These elements are historical in nature. When the first Florida Law, *Law of Florida*, Chapter 3760 (1887) was enacted, it did not include the word unlawful before the words carnal intercourse. Case law developed setting forth only the four (4) elements. It was not until General Statutes (1918), Chapter 7732, were passed that the word unlawful was added. Since that time, only two decisions have addressed the issue of a difference in the statute as earlier written and as set forth in the later versions.

*Shields v. State*, 83 So. 391 (1919), sets forth the prior law and the law containing, for the first time, the word "unlawful." Two changes are presented in the 1918 statute. The first is that the prosecutrix be of previous chaste character is added as an element. The second, is the word "unlawful" precedes carnal intercourse. The Court pointed out that the terms of the statute were "essentially different."

In *Steffanos v. State*, 86 So. 204, the State failed to include the word unlawful in the information. The Court stated:

"The omission of the word 'unlawful' is harmless, because *any* carnal intercourse between unmarried persons, or persons unmarried to each other, even with the female's consent, is unlawful." (Emphasis Added)

It should be noted that carnal intercourse between unmarried persons is no longer always unlawful. *Purvis v. State*, 377 So. 2d674 (Fla.1979) struck down the Fornication Statute which made sexual intercourse with an *unmarried* woman unlawful. Note the Fornication Statute and common law did not make sexual intercourse with a married woman unlawful. It appears that the requirement of the Statutory Rape provisions that the victim be an "unmarried person" may have also contemplated the fact that only *unlawful* sexual intercourse was to be proscribed, especially since the statutory rape statute was originally concerned only with carnal intercourse with an "unmarried woman."

*Wiggins v. State*, 386 So.2d47 (Fla. 4th DCA 1980), citing *Purvis*, commented that sexual intercourse with someone other than one's spouse was "conduct not itself criminal." 386 So.2d 47 at 48.

The Court in *Blount v. State*, 138 So. 2 (Sup.Ct.Fla. 1931) said, when construing a predecessor of F.S. 794.05:

"There surely exists some reason why the Legislature substituted the words 'unmarried person' . . . for the words 'unmarried females' as used in former statutes."

So too, must the word unlawful have been included for a reason. It is axiomatic that:

"(P)enal law must construed strictly and according to its letter . . . where it admits of two constructions, that which operates in favor of life or liberty is to be preferred." *Ex Parte Bailey*, 29 FLA. 734, 23 So.552 (Sup.Ct. 1897).

Further, a statute must give reasonable notice that a person's conduct is restricted by statute. *Reynolds v. State*, 383 So. 2d 228 (Fla.1980).

If only sexual intercourse with unmarried persons, under the age of eighteen (18) years, of previous chaste character was necessary to constitute the crime, the Legislature would not have included the word unlawful. The statute, as written, gives reasonable notice as to what conduct is criminal. The case law and Standard Jury Instructions create a vagueness which is such that the statute as previously interpreted would be unconstitutional.

The state stipulated that it did not and cannot present any evidence of the commission of any crime by the Defendant which could establish that the intercourse between the Defendant and the prosecutrix was unlawful if not for F.S.S. 794.05.

As a result of the State's failure to prove all elements of the crime the verdict is hereby Vacated and Judgment is arrested.

All bonds and sureties thereon are hereby released.