491 So.2d 1296 (1986)
The STATE of Florida, Appellant,
v.
Charles Lamont ELLIS, Appellee.
No. 85-1964.
District Court of Appeal of Florida, Third District.
August 5, 1986.
Janet Reno, State Atty., and Paul Mendelson, Asst. State Atty., Jim Smith, Atty. Gen., and Charles M. Fahlbusch, Asst. Atty. Gen., for appellant.
Irv J. Lamel, Coral Gables, for appellee.
Before SCHWARTZ, C.J., and NESBITT and FERGUSON, JJ.
NESBITT, Judge.
The state contends that the trial court abused its discretion by refusing to reopen a suppression hearing to admit crucial evidence. We agree and reverse the order under review.
We are persuaded, by the state, that the testimony sought to be admitted would have impacted upon the decision of the trial court and was crucial to the state's argument. Nonetheless, the trial court refused to reopen the case for the admission of this testimony. This case is similar to the situation presented in Steffanos v. State, 80 Fla. 309, 86 So. 204 (1920). In Steffanos, the parties rested, and the court recessed over the weekend. On Monday morning, defense counsel sought to introduce crucial *1297 testimony. In overruling the trial court, the supreme court said that the refusal to reopen a case in such a circumstance "is to enforce a rule of procedure almost to the point of a denial of justice... . [S]uch rules ought not to be applied with such technical precision and unbending rigor as to produce injustice." 86 So. at 205.
The record indicates that the suppression hearing, ending on May 28, 1985, was either not complete or was reopened  the trial court allowed further legal argument on the issues before it, on June 3, 1985  when the court denied the state's motion to admit the previously omitted crucial evidence. Where, as here, the case is technically not closed and the ends of justice may best be served by the admission of crucial evidence, it is an abuse of the trial court's discretion to deny the introduction of such evidence. Steffanos, 86 So. at 206.
Accordingly, the order under review is reversed and remanded for rehearing.