577 So.2d 1002 (1991)
Rajeev JAIN, Appellant,
v.
STATE of Florida, Appellee.
No. 90-01687.
District Court of Appeal of Florida, Second District.
April 12, 1991.
David P. Rankin of Freeman, Lopez & Kelly, P.A., Tampa, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Donna A. Provonsha, Asst. Atty. Gen., Tampa, for appellee.
HALL, Judge.
The appellant, Rajeev Jain, was charged with possession of cocaine with intent to sell or deliver. He challenges the denial of his motion to suppress, asserting that Detective Bowlin did not have a founded suspicion to stop and search him and, therefore, his motion to suppress should have been granted. We agree.
Several months prior to stopping the appellant, Detective Bowlin made two indirect purchases of cocaine from the appellant through a Donald Meeker. At the time of these transactions, Meeker identified the appellant as his supplier. Prior to these transactions, a confidential informant had advised Detective Bowlin that the appellant was regularly putting cocaine in his vehicle when he was not at his apartment and visiting various lounges within Hillsborough County with cocaine on his person for sale.
About one month prior to stopping and arresting the appellant, Detective Bowlin went on leave, returning to work on January 4, 1990. On that date, the confidential informant advised the detective that he had seen the appellant dealing in cocaine at some point in time prior to January 4 and that the appellant was continuing to follow his pattern and method of selling cocaine.
In response to this information, Detective Bowlin and his partner went to the appellant's apartment complex. The appellant's vehicle was not at the complex, but after waiting a short time, the detectives observed a woman approach the appellant's residence, knock on the door, receive no response, and return to her vehicle and wait. Subsequently, the appellant drove up to his apartment, exited his vehicle, and walked over to a set of mailboxes at the southeast corner of the complex. At that time, the detectives approached the appellant, identified themselves, and told him they had information that he was transporting cocaine. The appellant stated that he did not have any cocaine. The detectives then asked to pat down the appellant and had him put his hands on the hood of the car. During the search, cocaine was discovered in the appellant's right front pocket.
A law enforcement officer may temporarily detain a person if the officer has a founded suspicion that the person has committed, *1003 is committing, or is about to commit a crime. § 901.151, Fla. Stat. (1989); Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Simons, 549 So.2d 785 (Fla. 2d DCA 1989).
Detective Bowlin's testimony at the suppression hearing reveals that he did not possess the founded suspicion necessary to stop the appellant. The information possessed by Detective Bowlin only revealed the appellant had participated in a crime two or three months previously. Even if we consider the information received by the detective the day he stopped the appellant, he could not remember how recently the confidential informant stated he had seen the appellant selling cocaine. Also, Detective Bowlin testified that the appellant was not committing any crime when he was stopped.
The use of stale information will not create the founded suspicion necessary to support a Terry stop. Since the stop of the appellant was illegal, the cocaine found during the ensuing search must be suppressed.
Accordingly, we reverse and remand with directions to grant the motion to suppress.
SCHOONOVER, C.J., and PATTERSON, J., concur.