SCHWARTZ, Chief Judge.
Contrary to the appellant’s contentions, we conclude that the contents of a BOLO which stated that a distinctive automobile, “a 1981-83 burgundy Cadillac with a continental kit” carrying two white males, had been involved in an armed robbery a short time before and a short distance away from the point that a similar vehicle was stopped by the police, provided ample “founded suspicion” which constitutionally justified the stop. See Hetland v. State, 387 So.2d 963 (Fla.1980); State v. Delgado, 402 So.2d 41 (Fla. 3d DCA 1981); State v. Gamble, 370 So.2d 428 (Fla. 3d DCA 1979). Moreover, the facts which became known to the officers after the stop, including the presence of a pistol in the front of the car and the revelation, through a check on the VIN number, that the vehicle had been stolen, supplied the probable cause necessary to support the arrest of the occupants, the ensuing search of the vehicle and the seizure of incriminating evidence which was found there. State v. Jones, 417 So.2d 788 (Fla. 5th DCA 1982); Thomas v. State, 395 So.2d 280 (Fla. 3d DCA 1981). On this basis, the trial court correctly denied the motions to suppress that evidence, and the convictions entered upon nolo pleas, which reserved the right to review of that determination, are
Affirmed.