GUNTHER, Judge.
Roy Lee Lambert appeals his conviction and sentence for trafficking in cocaine and possession of drug paraphernalia. We reverse because we agree with Lambert’s contention that the trial court abused its discretion in not allowing Lambert to present additional testimony during his suppression hearing for the purpose of establishing standing.
Lambert filed a pretrial motion to suppress the incriminating narcotics and drug paraphernalia found in his son’s duplex. At the beginning of the suppression hearing, the trial court gave Lambert an allotted amount of time in which to present his case. Throughout the suppression hearing, neither the trial court nor the State ever challenged Lambert’s basis for standing. However, at the end of the suppression hearing, after both parties rested, the trial court raised the question of standing. The trial court correctly noted that Lambert had improperly based his standing to challenge the Fourth Amendment violation on a case that had been overruled. Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960), overruled by United States v. Salvucci 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980). Immediately after the trial court raised this issue, and during the time allotted in the hearing, the defense asked to call the defendant as well as to recall his son, Edwin Lambert, to testify to establish standing. The trial court refused and denied Lambert’s motion to suppress, reasoning that although the search violated the Fourth Amendment, Lambert did not have standing to challenge the violation.
Because neither the trial court nor the State had challenged Lambert’s standing pri- or to the close of the hearing, we conclude that the trial court abused its discretion in denying Lambert an opportunity to present additional testimony. See State v. Ellis, 491 So.2d 1296 (Fla. 3d DCA 1986) (holding that the trial court abused its discretion by refusing to reopen a suppression hearing to admit crucial evidence).
Accordingly, we reverse Lambert’s conviction and sentence and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HERSEY and WARNER, JJ., concur.