PER CURIAM.
We find that all of appellant’s points have merit. Accordingly, we reverse the final judgment adjudicating appellant guilty of possessing cocaine and remand for new trial.
*157 First, the trial court erred in not allowing the defense to reopen its case after a witness under subpoena left the courthouse and reappeared prior to closing arguments. The witness could have been critical to the defense upon a major point where the evidence was in sharp conflict. Delgado v. State, 573 So.2d 83, 86 (Fla. 2d DCA 1990); State v. Ellis, 491 So.2d 1296 (Fla. 3d DCA 1986); Steffanos v. State, 80 Fla. 309, 86 So. 204, 206 (1920). With this witness’ testimony at appellant’s previous trial, a week earlier, a hung jury resulted. No great inconvenience to the parties would have occurred by reopening the ease. Barry v. Walker, 103 Fla. 533, 137 So. 711, 716 (1931).
Second, appellant discovered during the previous trial that appellee’s key witness had prepared a police report which was not disclosed to appellant. The parties stipulated that a Richardson[1] hearing was held at that time by the judge who presided over the first trial. That judge concluded that no discovery violation had taken place.[2] However, that trial ended with a hung jury. The second trial, which is the subject of this appeal, occurred one week later. Defense counsel was advised of the new trial date the day before and immediately requested a copy of the police report once again. Defense counsel, however, did not receive a copy of the report. Consequently, defense counsel requested a Richardson hearing at the second trial. The trial judge denied the request, stating “I don’t know exactly what you are asking for. But whatever it is, I am denying it.” Regarding the police report, the trial judge added that he thought the judge presiding over the prior trial had acted on that, and that appellant “had sufficient time to do something about it.”
During the preceding dialogue, the trial court only inquired about when defense counsel discovered the existence of the police report in question. It did not inquire about why appellant had not been given the police report, despite the fact appellee offered no explanations even though it was on notice since the first trial that appellant wanted the report. Nor did the trial court inquire about whether the violation was trivial or substantial. Most important, the trial court failed to inquire about any prejudice to the defendant. “A trial court’s failure to hold a complete inquiry is a per se reversible error.” Walker v. State, 573 So.2d 1075, 1075 (Fla. 4th DCA 1991) (emphasis added). In this case, the trial court’s refusal to make any of the inquiries required by Richardson constitutes reversible error.[3]
Appellant’s third and final point is that the trial court erred in permitting a police officer to testify that his narcotics trained canine alerted to the scent of narcotics on the $160 that was seized from appellant. The evidence was not relevant to the issue of possession of cocaine, since the officer did not testify that the dog alerted to cocaine, but rather to a narcotic. Moreover, the evidence was unduly prejudicial and the narcotic residue could have been picked up anywhere. Erroneously allowing the evidence permitted the jury to draw the inference that appellant was guilty of possessing cocaine simply because the narcotics dog alerted to traces of narcotics on currency which had earlier been in appellant’s possession.
HERSEY, GLICKSTEIN and KLEIN, JJ., concur.

. Richardson v. State, 246 So.2d 771 (Fla.1971).

. A transcript of the prior trial was not provided in this appeal. Thus, it is impossible to determine on what basis the first trial judge determined that there had been no discovery violation.

. Florida Rule of Criminal Procedure 3.640(2) states that "[w]hen a new trial is granted, the new trial shall proceed in all respects as if no former trial had occurred." (emphasis added). The language of the rule suggests that the rulings of the judge in the former trial are not the law of the subsequent new trial. The First District Court of Appeal addressed this issue in Strange v. State, 579 So.2d 859 (Fla. 1st DCA), rev. denied, 591 So.2d 184 (Fla.1991). In that case, the court held that “the trial court’s ruling on [a] motion in limine ... in a prior trial which had ended in a mistrial did not become the law of the case binding on the subsequent trial....” Id. at 860. Moreover, the court noted that to be effective, the motion "had to be renewed and ruled on at the trial under review.” Id.