667 So.2d 972 (1996)
Bernard LOUISY, Appellant,
v.
STATE of Florida, Appellee.
No. 94-3714.
District Court of Appeal of Florida, Fourth District.
February 14, 1996.
*973 Peter Grable, P.A. of Peter Grable Law Office, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Patricia A. Ash, Assistant Attorney General, West Palm Beach, for appellee.
STEVENSON, Judge.
Appellant, Bernard Louisy, appeals his convictions for various sex crimes involving a child. We reverse because we agree with appellant that the trial court abused its discretion in denying appellant's request to re-open his case so that he could re-take the witness stand to present testimony crucial to his defense.
The proffered testimony, if believed by the jury, would have provided an alternative reason for the victim's vaginal injuries.[1] Other than the physical evidence of the injuries, the case was essentially a matter of credibility between the defendant and the victim. The proffered testimony was not elicited when appellant first testified because trial counsel became "distracted" and "forgot" to make the necessary inquiry. Although the state had rested, the jury had not been charged and no closing argument had been made. Thus, the case was not "technically closed." State v. Ellis, 491 So.2d 1296 (Fla. 3d DCA 1986).
While we fully appreciate the trial judge's frustration with "forgetful" trial counsel, without the opportunity to present the testimony requested, appellant was denied a fair trial through no fault of his own.
Although the decision to allow a case to be reopened involves sound judicial discretion not usually interfered with on the appellate level, Burk v. State, 497 So.2d 731, 733 (Fla. 2d DCA 1986), a denial will be reversed where the request is timely made and the jury will be deprived of evidence *974 which might have had a significant impact upon the issues to be resolved.
Delgado v. State, 573 So.2d 83, 86 (Fla. 2d DCA 1990) (citing State v. Ellis, 491 So.2d 1296 (Fla. 3d DCA 1986); Barry v. Walker, 103 Fla. 533, 137 So. 711, 716 (Fla.1931); and Steffanos v. State, 80 Fla. 309, 86 So. 204, 205-206 (Fla.1920)).
For the purpose of avoiding error on re-trial, we note that the trial court should have instructed the jury on the lesser included offenses of lewd assault, battery and assault which the defense requested. Although the state's evidence was strong that appellant's conduct involved familial or custodial authority, a jury may have determined that at the time and under the circumstances of the charged incident, appellant was not in a position of custodial authority, thus making some of the requested lesser included offenses applicable. "Even if the weight of the evidence is overwhelmingly in favor of the state's charge, the defendant is entitled to an instruction on a lesser offense as to which there is any evidence." Kolaric v. State, 616 So.2d 117, 119 (Fla. 2d DCA 1993).
Accordingly, we reverse appellant's convictions on two counts of sexual activities with a child and vacate the sentences. We remand for a new trial.
GLICKSTEIN and PARIENTE, JJ., concur.
NOTES
[1] Because of the appalling nature of the proffered testimony combined with the fact that the victim is a child, we decline to recount the evidence here.