PER CURIAM.
Appellant, James Hall (“defendant”), contends that the trial court erred in denying his motion to suppress. The defendant claims that the police lacked a founded suspicion to stop his vehicle based upon a two week old ‘Tie on the lookout” (“BOLO”). We agree and reverse.
Previous to, and at the motion to suppress, defense counsel requested any and all recorded or transcribed conversations regarding a BOLO for a vehicle in reference to a shooting on March 5, 1994. The State responded that such tapes were routinely destroyed.
The State’s only witness at the hearing, a police officer, testified that on March 19, 1994, he saw a car matching the description in the BOLO. Before receiving verification of the BOLO, and observing no traffic infractions, the officer initiated a traffic stop. The defendant was driving a 1985, white Olds Cutlass, having a black hood, with North Carolina tags. The officer recovered a gun he saw in the car, and then arrested the defendant after he failed to produce a driver's license.
Defense counsel argued that the description of the vehicle was not distinctive, but the court, in denying the motion, explicitly found that a white car with a black hood was distinctive enough to justify the stop. Moreover, the court found that the defense had not presented any evidence to disprove the officer’s description of the BOLO.
At the outset of trial, the defense moved to reopen the motion to suppress. The defense recently discovered that the investigating officer in the March 5, 1994 shooting incident reported that the suspect’s vehicle was a white Chevy Monte Carlo, bearing either a Georgia or South Carolina tag. The trial court refused to reopen the hearing, finding that the defense should have discovered the information earlier and that the evidence would not have changed the outcome of the suppression hearing. The defendant accepted a plea and was sentenced.
In analyzing the legitimacy of a vehicle stop pursuant to a BOLO, factors such as the temporal proximity of the crime, the route of flight, the specificity of the description of the vehicle and its occupants, and the source of the BOLO information must be considered. See Hunter v. State, 660 So.2d 244 (Fla.1995), cert. denied, — U.S. —, 116 S.Ct. 946, 133 L.Ed.2d 871 (1996); State v. Wise, 603 So.2d 61 (Fla. 2d DCA 1992). Here, the officer did not have reasonable grounds to believe that the defendant had committed a felony, because the temporal proximity of time element and the source of the BOLO information were not established. See State v. Scott, 641 So.2d 517 (Fla. 3d DCA 1994); Mendez v. State, 579 So.2d 352 (Fla. 3d DCA 1991).
The facts do not sustain a founded suspicion by the officer. Two weeks had passed since the time of the issuance of the BOLO and no evidence exists to show that the defendant committed or was about to commit a crime. See Sumlin v. State, 433 So.2d 1303 *68 (Fla. 2d DCA 1983). Since the judge at the suppression hearing relied heavily on the BOLO describing a white car with a black hood, the trial court erred in failing to reopen the suppression hearing in light of the description given by the investigating officer. See Lambert v. State, 626 So.2d 340 (Fla.3d DCA 1993).
The great disparity in the description between the defendant’s car and the alleged BOLO description given by the officer, further supports our determination that stale information will not provide the founded suspicion necessary to justify a stop. See Jain v. State, 577 So.2d 1002 (Fla. 2d DCA 1991). Moreover, the tags were different and the cars were a different make and model.
The defendant’s discovery of an inconsistent BOLO provided a beacon of truth lighting the way through the minutiae of technicalities raised by the State. We reverse and remand to the trial court to grant the motion to suppress and dismiss the charge. The sentencing issue raised on appeal is rendered moot by our disposition. See State v. Ellis, 491 So.2d 1296 (Fla. 3d DCA 1986); Sumlin v. State, 433 So.2d 1303 (Fla. 2d DCA 1983).
Reversed and remanded with instructions.