704 So.2d 619 (1997)
Antoine L. PERKINS, Appellant,
v.
STATE of Florida, Appellee.
No. 96-3841.
District Court of Appeal of Florida, Fourth District.
October 29, 1997.
Rehearing Denied December 2, 1997.
*620 Robert Friedman, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
A jury found appellant guilty of two counts of attempted first degree murder with a firearm and two counts of armed robbery with a firearm. We reverse appellant's convictions and remand for new trial as we conclude that the trial court abused its discretion in not permitting appellant to recall one of the state's witnesses, given the critical issue of identity.
Two males robbed Pizza Express and in the process shot two people. Appellant's theory of defense was that he had been misidentified because it was in fact his identical twin brother who was one of the perpetrators, and not appellant. Appellant was seventeen years old at the time of the incident.
The state's key identification witness was appellant's high school teacher at the time of the incident and had been a neighbor of the family until the twins were ten years old. She testified that she has known the Perkins twins since they were infants and is able to distinguish between the two; that she saw three youths running aside the Pizza Express building around the time of the incident; that she was sure that the one with the dark shirt and pants and a baseball cap was appellant; that when she called to appellant by name, he did not verbally respond, but as he ran he turned, looked over his shoulder and gestured; that she was able to observe appellant's face for several seconds; and that she heard the one she recognized laugh and this helped her to confirm that it was appellant and not his twin brother.
During extensive cross-examination, the defense asked this witness about her previous deposition statement that she did not see the face. She explained that she saw appellant from the side and not straight on. In the deposition portion read by defense counsel, she also stated that she was not fairly sure that it was appellant because he did not respond when she called out appellant's name; and that based on his failure to respond, she assumed it was the twin brother and not appellant. However, during its cross-examination, the defense failed to ask the witness whether she previously had told appellant's aunt that she could not tell appellant apart from his twin. When the defense subsequently attempted to recall the witness, the trial court sustained the state's objection.
In Vazquez v. State, 700 So.2d 5 (Fla. 4th DCA 1997), this court held it was an abuse of discretion not to allow the defense to reopen its cross-examination of a state witness where the purpose of such cross-examination is to weaken testimony given by the witness on direct examination by the state. In Louisy v. State, 667 So.2d 972 (Fla. 4th DCA 1996), we reached a similar conclusion on the issue of not letting the defense reopen its case to recall a defense witness, saying:
Although the decision to allow a case to be reopened involves sound judicial discretion not usually interfered with on the appellate level, a denial will be reversed where the request is timely made and the jury will be deprived of evidence which might have had a significant impact upon the issues to be resolved.
Louisy, 667 So.2d at 973-74 (citations omitted).
In fact, on appeal the state has not offered any reason to refute the appellant's claim of error. Rather, the state contends *621 that this issue has not been preserved for appellate review. We disagree because the record demonstrates that the defense apprised the trial court of its basis for calling the witness and the several discussions of this issue sufficiently informed the court of the testimony which the defense expected to elicit.
While the claimed error in sentencing is moot, appellant's argument is unpersuasive.
GLICKSTEIN, GUNTHER and POLEN, JJ. concur.