STONE, C.J.
We affirm Appellant’s conviction for trafficking in cocaine. Appellant challenges the denial of his motion to suppress cocaine and marijuana found in the car he was driving, asserting that the information that formed the basis for the investigatory stop was “stale.”
At 11:55 a.m., the morning of the stop, Detective Hyde of the Indian River County Sheriffs Office, was contacted by a reliable confidential informant who advised him that he had personally seen four to six ounces of cocaine in the vehicle that Appellant was driving. Detective Hyde was unable to act on this information immediately because he was preparing to execute a search warrant for drug possession at another house in the vicinity. At 4:80 p.m., the same day, Detective Hyde saw Appellant, who was driving the same car described by the informant, drive up to the house where the search warrant was to be executed; Appellant got out of the car, walked to the front door, stayed a few minutes, then returned to the car and left. Detective Hyde was unable to pursue Appellant because of the imminent execution of the search warrant, but he requested assistance of another police officer who stopped Appellant on Detective Hyde’s request. Canine assistance was called to the scene of the stop. Appellant refused to consent to a search of the vehicle and when asked for identification, he got into the car and fled the scene. Appellant eventually abandoned the car and fled on foot. A search of the vehicle revealed the aforementioned contraband.
The trial court properly concluded that the four and one-half hour delay in acting on the confidential informant’s tip, which was sufficient, when received, to create a “founded” suspicion of criminal activity in the mind of Detective Hyde, did not render the information stale. Austin v. State, 640 So.2d 1247 (Fla. 5th DCA 1994). We distinguish Jain v. State, 577 So.2d 1002 (Fla. 2d DCA 1991), where the information conveyed to the detective was stale on receipt, and, therefore, could not form the basis for a founded suspicion necessary to support an investigatory stop.
KLEIN, J. and OWEN, WILLIAM C., Jr., Senior Judge, concur.