PER CURIAM.
The appellant, John Fitzgibbons, was charged with and convicted of two counts of sexual battery after a jury trial. His theory at trial was that his sexual encounter with the victim was consensual and that the victim claimed sexual battery only when she later learned that Fitzgibbons was married and thus unavailable to marry her to assist her with her immigration status.
On this appeal, Fitzgibbons asserts, and we agree, that the trial court abused its discretion when, contrary to its earlier ruling, it refused to allow the defense to recall the victim as part of its case in chief. Relying upon the trial court’s initial ruling that the prosecutor make the victim available to testify in the defense’s case, the defense refrained from inquiring about certain matters which were critical to Fitz-gibbons’ defense during cross-examination of the victim during the state’s case in chief. Defense counsel explained to the court that a cross-examination of the victim about the defense theory of the case during the state’s case would have inappropriately exceeded the scope of the state’s direct examination. Under these circumstances, we think the trial court should have adhered to its earlier ruling and allowed the victim to be recalled by the defense, particularly where there was a proffer made by the defense which indicated that the exclusion of the victim’s testimony was prejudicial. We therefore find the court’s exclusion of such testimony to be an abuse of discretion. See Hahn v. State, 58 So.2d 188 (Fla.1952); Perkins v. State, 704 So.2d 619 (Fla. 4th DCA 1997). We therefore reverse for a new trial.
Reversed.