GRIFFIN, J.
The State appeals an order granting a motion to suppress. We reverse because by refusing to permit the State to present Detective Jenkins’ testimony at a continuation of the suppression hearing which took place nearly a year after the original hearing, the trial court abused its discretion. On proffer, Detective Jenkins testified that, among other things, he had informed Slater prior to his confession that he had the right to have counsel appointed for him if he could not afford an attorney. The request to offer this testimony was timely made and the refusal of the request resulted in the exclusion of evidence that would have had significant impact upon the issues to be resolved. See Williamson v. State, 92 Fla. 980, 111 So. 124 (1926); Steffanos v. State, 80 Fla. 309, 86 So. 204 (1920); Perkins v. State, 704 So.2d 619 (Fla. 4th DCA 1997); State v. Ellis, 491 So.2d 1296 (Fla. 3d DCA 1986); Britton v. State, 414 So.2d 638 (Fla. 6th DCA 1982); see also Register v. State, 718 So.2d 350 (Fla. 5th DCA 1998). This is so regardless of whether the State had rested its case or whether the evidence was technically rebuttal evidence. The disallowed testimony was critical to the State’s case because the lack of this warning was the basis of the suppression order entered by the trial court. See generally Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
REVERSED.
COBB and W. SHARP, JJ., concur.