PER CURIAM.
We review the order of the trial court denying appellant’s motion for postconviction relief alleging his right to be resen-tenced under the 1994 sentencing guide *865 lines. Perkins was sentenced to life after a jury trial. Perkins prevailed on direct appeal, and his conviction was reversed and the case remanded for a new trial. See Perkins v. State, 704 So.2d 619 (Fla. 4th DCA 1997). Perkins pled guilty on remand and was sentenced to 15 years in prison.
There is no dispute that Perkins committed his offenses within the operative window period in which to challenge the sentencing guideline provisions amended by Chapter 95-184, Laws of Florida. See Trapp v. State, 760 So.2d 924 (Fla.2000). At issue is whether Perkins was “adversely affected” as defined by the Florida Supreme Court in Heggs v. State, 759 So.2d 620, 627 (Fla.2000), as follows:
We realize that our decision here will require, among other things, the resen-tencing of a number of persons who were sentenced under the 1995 guidelines, as amended by chapter 95-184. However, only those persons adversely affected by the amendments made by chapter 95-184 may rely on our decision here to obtain relief. Stated another way, in the sentencing guidelines context, we determine that if a person’s sentence imposed under the 1995 guidelines could have been imposed under the 1994 guidelines (without a departure), then that person shall not be entitled to relief under our decision here.
The trial court denied Perkins’ motion upon concluding that “notwithstanding the rescoring of the defendant pursuant to the 1994 guidelines, he is not adversely affected by the amendments to chapter 95-184, Laws of Florida.” The trial court reasoned that, at his original sentencing, there were five aggravating factors to justify an upward departure sentence. As such, the 15-year sentence would still be permissible.
Perkins argues that the aggravating factors were not a consideration at the time he received the 15-year sentence. From what we can tell, the aggravating factors were considered at the “original sentencing” hearing, at which time Perkins was sentenced to life. That sentence no longer exists as it was after his successful appeal that Perkins entered a plea and was sentenced to the present 15-year sentence.
The question not addressed below was whether the 15-year sentence imposed pursuant to the 1995 guidelines is a departure sentence in light of the 1994 guidelines. We remand the case for such consideration.
DELL, KLEIN and STEVENSON, JJ., concur.