SORONDO, J.
(specially concurring).
During the presentation of the defense’s case, defendant called one witness to the stand. The trial court then questioned defendant as to whether he wanted to testify.
THE COURT: Is he going to testify or not?
[DEFENSE COUNSEL]: I have not gotten an answer.
THE COURT: Mr. Hood, you have to tell me. You have to tell me whether you want to testify or not.
DEFENDANT:-' No, sir. No, sir.
THE COURT: Very well. All right. I have to ask you questions. Please stand so I can see you. Sir, you understand that you .have the right to testify and you have- the right to remain silent? You have both those rights. You can chose to do either one. You have chosen not to testify, right? I’m going to in *1258 struct the jury at the end of the case— I’m going to instruct the jury that they are not to hold that against you.
DEFENDANT: What?
THE COURT: That you are not going to testify.
DEFENDANT: Right.
THE COURT: I’m going to instruct them. You are doing this voluntarily? Not testifying, are you doing it voluntarily?
DEFENDANT: It’s just that it’s my back; you know what I’m saying?
THE COURT: All right. You understand that you are voluntarily and willingly not to testify? I have to ask you these questions with everybody not just you; you understand?
DEFENDANT: Yes.
THE COURT: You are doing it voluntarily? You are waiving your right to testify?
DEFENDANT: Yes.
THE COURT: That’s it. Are you calling any other witnesses?
[DEFENSE COUNSEL]: No.
THE COURT: Are you going to rest?
[DEFENSE COUNSEL]: Yes, your honor, I am.
Thereafter, a charge conference was conducted outside the presence of the jury. Subsequent thereto, but prior to the commencement of the closing arguments, the following exchange took place:
THE COURT: All right ten minutes and one minute. Before you say anything, Mr. Hood, I need to talk to your lawyer. Anything that you say will be held against you-talk to your client. Mr. Hood wants to address the court. I need to know what it is.
[DEFENSE COUNSEL]: Your honor, what it is Mr. Hood right now is having second thoughts.
THE COURT: Mr. Hood, has been having second thoughts about everything.
[DEFENSE COUNSEL]: Now, he says that he wants to have the floor and show. The jury this and do that and I said you want to testify and the problem is that we rested.
THE COURT: At this time, Mr. Hood, I asked you—
DEFENDANT: Okay.
THE COURT: I gave you plenty of time to make your mind and you said you didn’t want to and you went through the colloquy and your lawyer rested and therefore the case is closed and that’s the bottom line. Go over the jury instructions and I’ll be back in five minutes.
In Donaldson v. State, 722 So.2d 177, 181 (Fla.1998), the Florida Supreme Court said that “[t]he decision to reopen a case lies within the discretion of the trial court and will not be disturbed on appellate review absent an abuse of discretion.” The court went on to say that “[w]here the case is not technically closed (i.e., counsel have [sic] not begun closing argument and the case has not been submitted to the jury), the denial of a defendant’s motion to reopen the case will be reversed if the motion was timely and a proper showing has been made as to why the evidence was omitted.” Id.; see also Steffanos v. State, 80 Fla. 309, 86 So. 204 (1920); Delgado v. State, 573 So.2d 83, 86 (Fla. 2d DCA 1990); State v. Ellis, 491 So.2d 1296 (Fla. 3d DCA 1986).
Under this test, defendant is not entitled to relief. First, defendant never made a *1259 motion to reopen his case-in-chief. In what appears to have been a moment of frustration, defense counsel advised the trial court that his client was “having second thoughts” about testifying.[1] This general statement is not the equivalent of a motion to reopen the defense case. Similarly, a prosecutor who, having just rested his case, announces that he is having second thoughts about the legal sufficiency of his case cannot reasonably believe that he has made a motion to reopen the state’s case-in-chief. Such statements are little more than audible musings, and are insufficient to place the trial court on notice that relief is being affirmatively sought. Accordingly, no timely motion was made.
Second, even if defense counsel’s announcement that his client was having second thoughts about testifying were considered to be a motion to reopen the defense case-in-chief, defendant would still not be entitled to the relief he seeks, as no proper showing was made as to why the evidence was omitted.
I feel compelled to observe that had defense counsel articulated a motion to reopen his case, contrary to the trial judge’s apparent inclination, the same would have been timely. In Steffanos, 86 So. at 205-06, the Florida Supreme Court concluded that the defendant’s motion to reopen his case-in-chief was timely where it was made before closing arguments had begun and before the charging of the jury. See also Delgado, 573 So.2d at 86. The issue of timeliness, however, is fact specific and is subject to a determination of whether granting the motion will prejudice the other side. For example, in Register v. State, 718 So.2d 350 (Fla. 5th DCA 1998), the court suggested that a defense request to reopen its case was not timely where it was made before closing arguments but after the state had called its single rebuttal witness.
In the only remaining scenario, the law seems to be clear that a trial court does not abuse its discretion by denying a motion to reopen the defense case-in-chief where a defendant, after explicitly refusing to testify, subsequently expresses a desire to do so after closing arguments have been made and both sides have presented their respective theories of the case.[2] See Donaldson, 722 So.2d at 182.
For the reasons set forth above, I agree with the majority that affirmance is in order.

. Defense counsel's frustration is understandable. Defendant is a nine time convicted felon. Had he taken the witness stand, the jury would have been advised of his extensive criminal record.

. Although the type of vacillation exhibited by the defendant in this case may tax judicial patience, prudence suggests that regardless of the legal sufficiency of the motion to reopen, whenever a criminal defendant announces a belated desire to testify, a new colloquy should be conducted, and, if the request is made before closing argument and before the state presents its rebuttal case, the defendant should be allowed to tell the jury his or her side of the story. As with all issues that are subject to a fact specific analysis, the results of appellate review can be less than predictable. Accordingly, in the interest of finality and the justice system's primary goal of seeking the truth, a presentation of all the evidence should always be encouraged.