745 So.2d 1121 (1999)
Milton JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 98-2401.
District Court of Appeal of Florida, Fifth District.
December 10, 1999.
James B. Gibson, Public Defender, and Leonard R. Ross, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, J.
Milton Jones appeals the revocation of his probation, and his conviction for resisting an officer with violence. He argues on appeal that the trial court abused its discretion in denying his motion to allow him to reopen his case and testify. We agree and reverse.
Jones was arrested on an outstanding warrant for attempted murder. According to the arresting officer, he saw Jones riding a bicycle and chased him under a house. Jones refused to come out from under the house so the police officer released a police dog. Jones fought the dog, and the police officer was forced to crawl under the house to protect the dog. Jones and the officer exchanged blows, with Jones striking the officer four to six times. Eventually, Jones was subdued and arrested, and taken to Halifax Hospital where he was treated for dog bites and other injuries. He was released to the officers several hours later.
Jones was tried on the single count of resisting an officer with violence.[1] After Jones conferred with his attorney during a 15 minute recess, Jones' attorney announced, *1122 "We are not going to present any witnesses. We are going to rest as soon as they [the jury] come back in." When asked by the trial court if that was what he wanted to do, Jones said, "Yes, sir."
While discussing the jury instructions with the lawyers, the trial court asked Jones if he agreed with his lawyer and did not want to testify. Jones stated he did not want to testify. The jury was brought back into the courtroom, the defense rested, and the jury was excused for lunch while the trial court and the lawyers completed the charge conference.
During the conference, Jones raised his hand and told the trial court he wished to testify and tell his side of the story. Jones stated there had been miscommunication between him and his lawyer. He stated his lawyer had been given the names of witnesses the day before and had not made an effort to contact the witnesses. Moreover, he wanted to challenge the state's evidence on the issue of whether a flashlight was used to hit him. Jones told the trial court that he had six chipped teeth and he felt they were chipped by the officer's flashlight. He also stated his lawyer failed to get his medical reports from the hospital to support his story.
The trial court spoke with Jones about his two previous statements that indicated he did not want to testify. Jones stated he had thought the term "rest" referred to a break in the proceedings and that he wanted to tell his side of the story. Counsel for Jones stated that Jones' testimony would not be very helpful when weighed against the fact that the jury would learn that Jones had six prior felony convictions, including aggravated battery on a law enforcement officer, battery on a law enforcement officer, and resisting an officer with violence. Jones' counsel felt that the better strategy would be for Jones not to testify.
The trial court refused to allow Jones to testify, because Jones had twice before said he did not want to testify, and because the defense had rested in the presence of the jury. After closing arguments, Jones was convicted as charged. He was adjudicated guilty and sentenced to sixty months imprisonment for the violation of probation, and to ten years imprisonment as an habitual offender on the resisting with violence conviction.
Whether a defendant should be permitted to reopen his case is a matter within the sound discretion of the trial court and a trial court's decision to deny a defendant's motion to reopen his case should not be disturbed on appeal absent a showing of an abuse of that discretion. Donaldson v. State, 722 So.2d 177 (Fla. 1998); Register v. State, 718 So.2d 350 (Fla. 5th DCA 1998); Delgado v. State, 573 So.2d 83 (Fla. 2d DCA 1990). Factors to be considered in reviewing a motion to reopen a defendant's case for submission of additional evidence include: (1) the timeliness of the motion, (2) the character of the evidence sought to be introduced, (3) the effect of allowing the evidence to be admitted, and, according to federal case law, and (4) whether the defendant has provided a reasonable explanation to justify reopening. See Register; see also United States v. Walker, 772 F.2d 1172, 1177 (5th Cir.1985). Applying the Register and Walker factors to the facts of this case, we hold that the trial court abused its discretion.
Jones made his motion to testify within one hour of the jury's having been excused for lunch. The jury was excused at approximately 11:00 a.m., to return at 12:15 p.m. During the ensuing charge conference, Jones raised his hand and told the judge he wanted to testify. Unlike the facts in Register, Jones had not put on a case, and the state had not presented any rebuttal testimony. In Steffanos v. State, 80 Fla. 309, 86 So. 204 (1920), the Florida Supreme Court held that the defendant's request to reopen his case was timely, having been made before counsel had begun closing argument and before the jury was instructed. In the instant case, if *1123 Jones had presented a case, followed by a rebuttal by the state, a reopening of the defense might have prejudiced the state, because the defendant would have heard the state's rebuttal and could have adjusted his testimony accordingly. See Register. Because that did not occur here, the state cannot demonstrate prejudice.
The character of the evidence Jones sought to introduce was his testimony that he fought the police in self-defense because he was being hit in the face with a flashlight. Jones failed to formally proffer his testimony but did, however, make it known that he would testify that he resisted because he was being beaten with a flashlight. Self-defense is a valid defense to the charge of resisting arrest with violence. See Williams v. State, 597 So.2d 377 (Fla. 2d DCA 1992). The exculpatory character of this evidence militated in favor of allowing Jones to testify. Delgado.
Finally, as to the fourth factor, Jones had a reasonable basis for wishing to present his testimony. Jones had a constitutional right to testify, Harris v. New York, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971), and the state would not have been prejudiced by reopening the case, in that his testimony was all he wished to present. Although a defendant should not be allowed to re-open his case merely because he changes his mind, see Register, in light of the nature of this testimony refusing to allow it was an abuse of discretion.
REVERSED and REMANDED for a new trial.
GOSHORN, J., concurs.
GRIFFIN, J., dissents, with opinion.
GRIFFIN, J., dissenting.
I agree that it would have been better for the lower court to let the defendant testify, vacillating and tardy as he was. Nevertheless, I can't see that the lower court's refusal rose to the level of an abuse of discretion under the circumstances of this case.
NOTES
[1] § 843.01, Fla. Stat. (1997).