CASANUEVA, Judge,
Specially concurring.
Although I agree with the affirmance in this case, I write to address one issue raised by Mr. Govan in this appeal that the trial court erred by failing to allow him to reopen his case to introduce into evidence a stipulation of the parties. Although I conclude the trial court erred, in the context of this case the error was harmless.
Mr. Govan was prosecuted as an adult for two counts of sexually battering his roommate, orally and anally, while they were assigned to share a room in a juvenile facility. § 794.011, Fla. Stat. (1999). An alternate count of lewd and lascivious battery was later added to the information *277 and presented to the jury for deliberation. § 800.04(4), Fla. Stat. (1999).
The prosecutor and defense counsel had stipulated that upon examining various undergarments, the bed sheet where the sexual batteries occurred, and the sexual assault kit obtained from the victim, the Florida Department of Law Enforcement found no evidence relevant to the prosecution. During the trial, the record clearly established that all concerned — the trial court, the prosecutor, and defense counsel — expected that the stipulation would be read to the jury, if not during the State’s case-in-chief, at least before closing arguments. However, the prosecutor changed his mind and decided not to have the stipulation read to the jury during his case-in-chief. After both sides rested, defense counsel reminded the court that the stipulation should be read to the jury before closing arguments were presented. The prosecutor objected and threatened to present a rebuttal case if the stipulation were read. When defense counsel moved to reopen his case to read the stipulation himself, the trial court denied the motion.
In Delgado v. State, 573 So.2d 83 (Fla. 2d DCA 1990), this court observed that permitting a party to reopen its case is within the trial court’s sound discretion. Id. at 86. However, when the request is timely made and the jury is deprived of evidence that could significantly impact an important issue, it is an abuse of discretion to deny the motion to reopen. Factually, Delgado and this case are similar. In both instances the parties had rested, closing arguments had not yet begun, and the jury had not received its instructions. Thus, technically, neither case had been closed.
Citing Delgado with approval, our supreme court held that in those instances where a case is not technically closed, “the denial of a defendant’s motion to reopen the case will be reversed if the motion was timely and a proper showing has been made as to why the evidence was omitted.” Donaldson v. State, 722 So.2d 177, 181 (Fla.1998). Because the record indicates that defense counsel timely made the motion to reopen his case and also made a proper showing as to why the evidence had been omitted, the trial court abused its discretion in denying defense counsel’s request to reopen. See also Jones v. State, 745 So.2d 1121 (Fla. 5th DCA 1999).
As the beneficiary of this error, the State carries the burden to prove beyond a reasonable doubt that the error is harmless. Knowles v. State, 800 So.2d 259, 264 (Fla. 2d DCA 2001). The jury acquitted Mr. Govan of one count of sexual battery (via oral union) and the State had presented graphic eyewitness testimony to support the sexual battery via anal union charge in the face of Mr. Govan’s testimony that nothing at all had happened. Applying the standard set forth in Goodwin v. State, 751 So.2d 537 (Fla.1999), and after an examination of the record, I conclude the State has met its burden.