870 So.2d 86 (2003)
J.D.F., Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-5150.
District Court of Appeal of Florida, Second District.
November 19, 2003.
Scott K. Spivack of Scott K. Spivack, P.A., Lakeland, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Danilo Cruz-Carino, Assistant Attorney General, Tampa, for Appellee.
COVINGTON, Judge.
J.D.F. appeals the trial court's order adjudicating him delinquent and committing him to the Department of Juvenile Justice. The trial court's order was entered after J.D.F. had admitted violating probation and had accepted negotiated pleas to sexual battery on a child less than twelve years of age and to petit theft. We reverse.
After the trial court accepted J.D.F.'s pleas, it held a separate disposition hearing. At the start of the hearing, J.D.F.'s counsel advised the trial court that J.D.F. wished to withdraw his pleas based on allegations that she misled him regarding the consequences of his pleas. J.D.F.'s counsel asked the court to appoint a conflict-free attorney to represent him on his motion to withdraw the pleas. The trial *87 judge immediately denied the motion, stating that he was holding J.D.F. to his answers in the plea colloquy. The judge added that if J.D.F. wished to address the issue on appeal, he would appoint separate counsel for that purpose. The trial court then proceeded to disposition.

DENIAL OF MOTION TO WITHDRAW AND APPOINTMENT OF CONFLICT-FREE COUNSEL
J.D.F. argues that the trial court erred in denying his trial counsel's motion to withdraw and for the court to appoint conflict-free counsel. We agree.
In Roberts v. State, 670 So.2d 1042, 1044 (Fla. 4th DCA 1996), in which the facts are similar to those here, the Fourth District held that "a trial court reversibly errs in refusing to allow a public defender to withdraw based on counsel's perceived conflict between his client's and his own interests." In reversing, the Fourth District stated that the trial court's denial of Roberts' counsel's motion to withdraw placed counsel in an actual conflict of interest with his client, who consequently "did not have a conflict-free attorney advocating for withdrawal of his guilty plea." Id. at 1045. See also Bible v. State, 779 So.2d 517 (Fla. 2d DCA 2000) (reversing denial of motion to withdraw plea and remanding for new hearing because conflict-free counsel was not appointed). Likewise in this case, the trial court's erroneous denial of J.D.F.'s counsel's motion deprived J.D.F. of a conflict-free attorney to advocate for withdrawal of his plea.

SUFFICIENCY OF MOTION TO WITHDRAW PLEA
The State argues that the motion to withdraw J.D.F.'s plea was insufficient because J.D.F. did not explain what his counsel told him that he thought was misleading. However, the State's argument fails because the trial court denied the oral motion without giving J.D.F. a chance to explain his grounds for wanting to withdraw his plea. In Gunn v. State, 643 So.2d 677 (Fla. 4th DCA 1994), the Fourth District held the trial court erred in immediately denying Gunn's oral motion to withdraw his plea without giving him a chance to show any good cause for the motion. Id. at 679. The Gunn court stated that once that happened, Gunn and his counsel were not required to make further arguments on the motion. Id. The court held that "as a matter of fundamental due process, Gunn should have been given the opportunity to present argument and be heard on the motion to withdraw his guilty pleas." Id. Similarly here, the trial court erred in immediately denying J.D.F.'s motion to withdraw his pleas without giving him an opportunity to present argument and be heard. Therefore, we vacate the order of commitment and remand for a hearing on J.D.F.'s motion to withdraw his pleas, for which the trial court shall appoint conflict-free counsel to represent J.D.F.
Reversed and remanded.
CANADY and WALLACE, JJ., Concur.