DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GIANNI PASSINO,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-4217

[September 2, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael A. Robinson, Judge; L.T. Case No. 00-007602 CF10A.

Jason T. Forman of the Law Offices of Jason T. Forman, P.A., Fort Lauderdale, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.

STEVENSON, J.

The instant appeal arises from defendant's motions to withdraw plea, one made just before the oral pronouncement of sentence at defendant's resentencing[1] and one made shortly after resentencing. Defendant alleges error in the summary denial of both motions. We affirm as to the pre-sentence motion to withdraw plea. *See Ruiz v. State*, 109 So. 3d 1183, 1183 (Fla. 2d DCA 2013) (affirming denial of pro se rule 3.170(*l*) motion; motion was a nullity since it was made while defendant was represented by counsel and "devoid of allegations giving rise to an adversarial relationship with counsel" (citing *Sheppard v. State*, 17 So. 3d 275, 286 (Fla. 2009))); *compare Gunn v. State*, 643 So. 2d 677, 679 (Fla. 4th DCA 1994) (reversing denial of pro se rule 3.170(f) motion to withdraw plea, made while defendant represented by counsel, where trial court immediately denied motion, precluding assertion of supporting factual or

---

[1] At the resentencing hearing, just before the court's oral pronouncement of sentence, defendant, despite being represented by counsel at the time, stated that he wished to withdraw his plea, offering no explanation or supporting facts.

legal grounds).  We agree, however, that the trial court erred in summarily denying defendant's post-sentencing motion, made pursuant to Florida Rule of Criminal Procedure 3.170(*l*), and write to explain our ruling.

After pleading guilty to violating the probation imposed for the underlying crimes of lewd or lascivious battery on a child (counts II and III) and lewd or lascivious exhibition before a child (count V), defendant was sentenced to twenty years in prison for each count.  In a subsequent rule 3.800(b) motion, defendant successfully challenged the sentences as being in excess of the statutory maximum.  The trial court vacated the illegal sentences and, at a later hearing, sentenced defendant to fifteen years for counts II and III and to five years for count V.

Within thirty days of imposition of the new sentences, defendant, who no longer was represented by counsel, filed a pro se motion to withdraw his plea.  In the motion, defendant sought the appointment of counsel and alleged that, when he pled guilty to violating his probation, he was unaware his plea encompassed substantive violations and that he had been told by his counsel that the charges of failure to register as a sex offender and obstructing without violence had been nolle prossed and would have no bearing on the case.  In the face of the State's claims that the motion was untimely and that its allegations were conclusively refuted by the record, the trial court summarily denied the motion.  Defendant alleges error in the summary denial.

We agree with defendant for three reasons.  First, defendant's motion to withdraw plea, made within thirty days of the imposition of sentence at the resentencing, was timely under Florida Rule of Criminal Procedure 3.170(*l*), which affords a defendant thirty days from rendition of sentence to file a motion to withdraw plea.  *See Fox v. State*, 166 So. 3d 894, 896 (Fla. 4th DCA 2015) ("Because resentencing is a new proceeding, the sentencing process starts afresh. . . . [R]esentencing constitutes, for all intents and purposes, the 'rendition' of a new sentence.") (citation omitted).  Second, as a rule 3.170(*l*) motion to withdraw plea is a critical stage of the proceedings, defendant was entitled to the appointment of counsel to assist him in drafting and pursuing the motion; the trial court should not have proceeded to consider the merits of defendant's motion without first appointing counsel.  *See Stephens v. State*, 141 So. 3d 701, 702 (Fla. 4th DCA 2014).  Third, nothing in the record conclusively refutes defendant's allegation that he was unaware that his plea to violating the terms of his probation included an admission that he violated probation by committing the new substantive crimes of obstructing without violence and failing to register as a sex offender, which significantly impacted his sentence given the fact that he was initially sentenced as a youthful offender.  *See* §

2

958.14, Fla. Stat. (2000) (limiting commitment of youthful offender to lesser of six years or the maximum sentence for a "technical or nonsubstantive violation" of probation); *West v. State*, 129 So. 3d 1155, 1156–57 (Fla. 3d DCA 2014) (youthful offender loses the benefit of the six-year cap if he commits a "substantive violation" of his probation, with a "substantive violation" being defined as "'a violation premised on the commission of a separate criminal act'" (quoting *State v. Meeks*, 789 So. 2d 982, 989 (Fla. 2001))); *St. Cyr v. State*, 106 So. 3d 487, 489 (Fla. 4th DCA 2013) (recognizing defendant need not be convicted of substantive offense in order to lose the benefit of the six-year cap).

Accordingly, the trial court's summary denial of defendant's pro se written motion to withdraw plea is reversed and the matter remanded for further proceedings. On remand, the trial court is instructed to address defendant's request for counsel prior to proceeding to consider the merits of any motion.

*Affirmed in part; Reversed in part; and Remanded.*

LEVINE, J., concurs.
FORST, J., concurs in part and dissents in part with opinion.

FORST, J., concurring in part and dissenting in part.

I concur with the court's opinion in all respects other than the holding that there was no error in the trial court's summary denial of the defendant's oral motion made immediately before sentencing. I disagree with the opinion on this issue, as I would find reversible error.

At defendant's resentencing hearing, immediately after the trial judge stated "[a]nd the Court corrects the record as follows," defendant interjected, "I want to take back my plea, your honor." Neither the judge nor either counsel took note of defendant's statement, and the trial court proceeded to pronounce sentence.

Although defendant was represented by counsel at this hearing and offered no explanation for his request to withdraw his plea, he was not given an opportunity to do so. As such, this matter is akin to the situation in *Gunn v. State*, 643 So. 2d 677 (Fla. 4th DCA 1994). There, the defendant "made no arguments before the trial court and presented no reasons for his motion to withdraw guilty pleas." *Id.* at 679. We nonetheless determined that the trial court erred in summarily denying the motion ("Motion denied") and proceeding to sentencing, holding that Gunn "was improperly cut off from attempting to argue his motion" and that, "as a

matter of fundamental due process, Gunn should have been given the opportunity to present argument and be heard on the motion to withdraw his guilty pleas." *Id.*[1] Admittedly, the instant case is slightly different, as here the trial court did not explicitly rule on defendant's motion. Instead, it ignored defendant's motion and, like in *Gunn*, proceeded to sentence the defendant without giving him an opportunity to explain either the basis for his request to withdraw his plea or whether he had discussed this matter with his counsel.

Before pronouncing a lengthy prison sentence of twenty years, as in this case, it is not too much of an imposition upon a trial court judge to hear out a defendant who has declared an intention to withdraw his plea to determine answers to necessary questions—whether the defendant has consulted with his counsel, whether there is a conflict with counsel, and ultimately whether the defendant can establish good cause to withdraw his plea. *See Johnson v. State*, 971 So. 2d 212, 214 (Fla. 4th DCA 2008) (holding that "if there is a showing of good cause, the defendant shall be allowed to withdraw his plea as a matter of right"); *Gunn*, 643 So. 2d at 679.

Accordingly, I disagree with the majority opinion with respect to the denial of the motion to withdraw made *before* resentencing without providing defendant an opportunity to have his motion heard. I otherwise concur with the opinion.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***

---

[1] The majority opinion relies upon *Ruiz v. State*, 109 So. 3d 1183 (Fla. 2d DCA 2013), in denying this motion. *Ruiz*, as well as *Sheppard v. State*, 17 So. 3d 275 (Fla. 2009), dealt with a pro se written motion to withdraw plea *after* sentencing. *Ruiz*, 109 So. 3d at 1183; *Sheppard*, 17 So. 3d at 277. The instant case involves an oral motion made in open court immediately *before* sentencing.