FORST, J.,
concurring in part and dissenting in part.
I concur with the court’s opinion in all respects other than the holding that there was no error in the trial court’s summary denial of the defendant’s oral motion made immediately before sentencing. I disagree with the opinion on this issue, as I would find reversible error.
At defendant’s resentencing hearing, immediately after the ■ trial judge stated “[a]nd the Court corrects the record as follows,” defendant interjected, “I want to take back my plea, your honor.” Neither the judge nor either counsel took note of defendant’s statement, and the trial court proceeded to pronounce sentence.
Although defendant was represented by counsel at this hearing and offered no explanation for his request to withdraw his plea, he was not given an opportunity to do so. As such, this matter is akin to the situation in Gunn v. State, 643 So.2d 677 (Fla. 4th DCA 1994). There, the defendant “made no arguments before the trial court and presented no reasons for his motion to withdraw guilty pleas.” Id. at 679. We nonetheless determined that the trial court erred in summarily denying the motion (“Motion denied”) and proceeding *1058 to sentencing, holding that Gunn “was improperly cut off from attempting to argue his motion” and that, “as a matter of fundamental due process, Gunn should have been given the opportunity to present argument and be heard on the motion to withdraw his guilty pleas.” Id[1] Admittedly, the instant case is slightly different, as here the trial court did not explicitly rule on defendant’s motion. Instead, it ignored defendant’s motion and, like in Gunn, proceeded to sentence the defendant without giving him an opportunity to explain either the basis for his request to withdraw his plea or whether he had discussed this matter with his counsel.
Before pronouncing a lengthy prison sentence of twenty years, as in this case, it is not too much of an imposition upon a trial court judge to hear out a defendant who has declared an intention to withdraw his plea to determine answers to necessary questions — whether the defendant has consulted with his counsel, whether there is a conflict with counsel, and ultimately whether the defendant can establish good cause to withdraw his plea. See Johnson v. State, 971 So.2d 212, 214 (Fla. 4th DCA 2008) (holding that “if there is a showing of good cause, the defendant shall be allowed to withdraw his plea as a matter of right”); Gunn, 643 So.2d at 679.
Accordingly, I disagree with the majority opinion with respect to the denial of the motion to withdraw made before resentenc-ing without providing defendant an opportunity to have his motion heard. I otherwise concur with the opinion.

. The majority opinion relies upon Ruiz v. State, 109 So.3d 1183 (Fla. 2d DCA 2013), in denying this motion. Ruiz, as well as Sheppard v. State, 17 So.3d 275 (Fla.2009), dealt with a pro se written motion to withdraw plea after sentencing. Ruiz, 109 So.3d at 1183; Sheppard, 17 So.3d at 277. The instant case involves an oral motion made in open court immediately before sentencing.