TAYLOR, J.
Edward Lewis Gibson appeals his conviction and sentence for first degree murder with a firearm. He argues that the trial judge erred in depriving him of his constitutional right to testify and in overruling his hearsay objection to the admission of a text message sent from his cell phone. We find no error in admission of the text message, but we reverse and remand for a new trial because the trial court improperly denied appellant’s timely request to reopen his case to testify.
Appellant was charged by indictment with the first degree murder of Douglas Frasier, Jr., whose severely decomposed body and detached head with a gunshot wound were found at an abandoned property. The state’s theory was that appellant killed Frasier because he had broken into appellant’s home and stolen his Xbox and television. Several witnesses testified at trial that appellant spoke freely about the murder.
At trial, after the state rested, the court advised appellant that he needed to decide whether he would testify. The coui’t explained that if appellant decided to testify, he would have to answer truthfully the questions asked by his attorney and the assistant state attorney. The court also told appellant that if he decided not to testify, the court would instruct the jury not to consider his decision as any evidence of guilt. The court then gave appellant time to consult with his attorneys concerning his decision whether to testify.
*1065 When court resumed after a brief recess, the trial judge asked appellant if he had made a decision about testifying. The following exchange occurred:
[THE COURT]: And what, what is your decision?
[APPELLANT]: No, I ain’t going to testify.
[THE COURT]: You’ve decided not to. Okay. You have every right to do so. What I’m going to ask you to [do] then, [defense counsel] is then when the jury comes back in, just to rest if you would.
The jury returned to the courtroom and the defense rested. The court then excused the jurors after informing them that closing arguments and jury instructions would be given the next morning.
The next morning, when court reconvened, appellant’s counsel alerted the judge that appellant was “having a change of heart” and wanted to testify. The following exchange occurred:
[DEFENSE COUNSEL]: Judge, Mr. Gibson, I need a couple moments with him.
[THE COURT]: For what?
[DEFENSE COUNSEL]: To dis — he is, he’s having a change, of heart about whether—
[THE COURT]: We’re ready to go. He had a change of heart. We discussed it fully yesterday.
[DEFENSE COUNSEL]: Right.
[THE COURT]: We had all afternoon. We’re ready to go. Both sides have rested. All right. We’re ready to go?
[THE STATE]: The State’s ready, Judge.
[DEFENSE COUNSEL]: (Inaudible.)
[THE COURT]: Okay. Here we go.
[APPELLANT]: So you’re saying I can’t get on the stand?
[THE COURT]: No, sir. You had a chance to do that yesterday.
[APPELLANT]: But I’m asking before we get to the jury.
(Inaudible).
(Defense counsel spoke to appellant.)
(The jury entered the courtroom.)
Soon after the court began reading some preliminary jury instructions, the prosecutor interrupted the court and requested a bench conference on appellant’s request to testify. The following exchange occurred:
[THE STATE]: Judge, I’ve never done this before, but I understand the defendant has expressed a desire to testify.
[THE COURT]: I understand he has but I think it’s a ploy just, he knew he was going to do this yesterday and decided to do it this morning. I’m not having any part of it.
[THE STATE]: Okay. I just—
[THE COURT]: I mean it’s just, it’s, he had all afternoon. He consciously did. Now he’s trying to do it, just in order for a mistrial. It’s to take advantage of the State now, not preparing for cross-examination, knowing he’s not going to testify. It’s simply a ploy to create error and he’s done it on purpose. And he knew he didn’t want to testify from the start and I’m not going to permit it.
[THE STATE]: Yes, sir
[THE COURT]: All right.
The jury found appellant guilty as charged, and the court sentenced appellant to life in prison 'With a mandatory minimum of twenty-five years.
Appellant argues on appeal that the trial court erred in denying his request to reopen the case so that he could testify. We agree.
The decision to reopen a defendant’s case iies within the trial judge’s discretion and will not be disturbed on *1066 appeal absent an abuse of discretion. Donaldson v. State, 722 So.2d 177, 181 (Fla.1998) (citing Delgado v. State, 573 So.2d 83, 86 (Fla. 2d DCA 1990)); Covello v. State, 154 So.3d 401, 406 (Fla. 4th DCA 2014); Santiago v. State, 21 So.3d 877, 881 (Fla. 4th DCA 2009). In determining whether to permit a party to reopen his case, the court should consider (1) the timeliness of the request, (2) the character of the evidence sought to be introduced, (3) the effect of allowing the evidence to be admitted, and (4) whether the defendant has provided a reasonable explanation to justify reopening his case. Register v. State, 718 So.2d 350, 352 (Fla. 5th DCA 1998) (citing United States v. Walker, 772 F.2d 1172, 1177 (5th Cir.1985)).
In this case, appellant initially advised the court that he was not going to testify and rested his case before the jury. Overnight, he decided he wanted to testify and requested permission to reopen his case before closing argument and jury instructions. In Steffanos v. State, 80 Fla. 309, 86 So. 204, 205-206 (1920), the Florida Supreme Court held that a request to reopen the defendant’s case was timely where it was made before closing argument and jury instructions. “Where the case is not technically closed (i.e., counsel have not begun closing argument and the case has not been submit to the jury), the denial of a defendant’s motion to reopen the case will be reversed if the motion was timely and a proper showing has been made as to why the evidence was omitted.” Donaldson, 722 So.2d at 181 (citing Steffanos). Here, appellant’s request was timely because it was made before closing argument and jury instructions. The state argues, however, that the trial court’s decision not to allow appellant to reopen his case should be affirmed because appellant failed to provide the trial court with a reasonable explanation to justify reopening his case.
Appellate courts have reversed the denial of a defendant’s motion to reopen his case where the motion was timely and a proper showing made for the request. For instance, in Jackson v. State, 832 So.2d 885 (Fla. 3d DCA 2002), the Third District held that the trial court abused its discretion by not allowing the defendant, who had decided not to testify, to reopen his case. The court noted that the defendant’s request was timely because closing arguments had not started and defense counsel made a proper showing as to why the defendant should be permitted to reopen his case to testify. Defense counsel had explained to the trial court that the defendant’s initial decision not to testify was based on his desire to prevent the jury from learning of his prior convictions, but after the trial court ruled that the defendant could be impeached with his prior felony convictions pursuant to section 90.806, Florida Statutes, there was no longer a reason for not testifying.
In Jones v. State, 745 So.2d 1121 (Fla. 5th DCA 1999), the Fifth District reversed for a new trial where the defendant had twice told the court he would not testify but then changed his mind after he rested before the jury. The court determined that the request was timely and, based on the colloquy between the trial court and the defendant, wherein the defendant expressed his desire to testify in support of his claim of self-defense to the charge of resisting arrest with violence, the court held that the trial court abused its discretion in denying the request to reopen the case.
Here, the state acknowledges that appellant’s request to reopen his case to testify was timely, but it urges us to find that the trial court did not abuse its discretion in denying appellant’s request because appellant failed to provide any reasons to justify reopening the case or'proffer the character *1067 of his testimony to demonstrate its need in fairly resolving the case. Appellant counters that he was precluded from doing so because the trial court summarily denied his request without giving him an opportunity to provide an explanation.
Appellant cites Gunn v. State, 643 So.2d 677 (Fla. 4th DCA 1994), in arguing that he was denied due. process when the trial court improperly cut him off and promptly denied his request without hearing any explanations or argument regarding his request to testify. In Gunn, the trial court denied the defendant’s motion to withdraw his plea immediately after defense counsel made the motion, thus eliminating any chance for appellant to even attempt to show a good cause basis for the motion. Id. at 679. We reversed, concluding that, as a matter of fundamental due process, Gunn should have been given the opportunity to present an argument and be heard on his motion. Id.
Appellant argues that the trial court’s abrupt ruling in this case similarly prevented him from showing good cause for reopening his case to testify. He points out that the court also refused to hear from the prosecutor when he attempted to intervene and weigh in on the matter. Moreover, the judge’s remarks regarding appellant’s request to testify show that the judge prejudged the merits of appellant’s decision to testify and ascribed bad faith to it. The judge called appellant’s request to reopen his case to testify a purposeful "ploy to create error” and resolved not to permit it.
As we explained in Gunn, “[cjertainly, after hearing the trial judge’s ruling on the motion, appellant and his counsel were not required to argue further with the court or on the motion.” Id.
Appellant clearly failed in his “burden to provide the trial court with specific and sufficient reasons why the trial court should allow him to reopen his case-in-chief.” Register, 718 So.2d at 353. However, under these circumstances, where it appears that the trial court thwarted any efforts to address the factors set forth in Register and Jones, and as a result, limited our ability to review those factors, we are compelled to reverse for a new trial.
“A defendant’s right to testify is a fundamental right under the state and federal constitutions.” State v. Raydo, 713 So.2d 996, 998 (Fla.1998). “In all criminal prosecutions the accused shall ... have the right ... to be heard in person, by counsel, or both — ” Art. I, § 16, Fla. Const. In Rock v. Arkansas, 483 U.S. 44, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987), the United States Supreme Court explained that the right to testify is a “necessary corollary to the Fifth Amendment’s guarantee against compelled testimony.” Id. at 52, 107 S.Ct. 2704. The right to testify is also found “in the Compulsory Process Clause of the Sixth Amendment, which grants a defendant the right to call “witnesses in his favor,’ a right that is guaranteed in the criminal courts of the States by the Fourteenth Amendment.” Id.
Given the high importance and fundamental nature of a defendant’s right to testify, a trial court’s decision to deny a request to reopen a case to allow a defendant to exercise that right should be made only after a full review of the reasons for the request. Judge Sorondo, in his concurring opinion in Hood v. State, 808 So.2d 1257 (Fla. 3d DCA 2002), suggested that great latitude be given to a defendant who wavers in his decision to testify. He stated:
Although the type of vacillation exhibited by the defendant in this case may tax judicial patience, prudence suggests that regardless of the legal sufficiency of the motion to reopen, whenever a criminal *1068 defendant announces a belated desire to testify, a new colloquy should be conducted, and, if the request is made before closing argument and before the state presents its rebuttal case, the defendant should be allowed to tell the jury his or her side of the story. As with all issues that are subject to a fact specific analysis, the results of appellate review can be less than predictable. Accordingly, in the interest of finality and the justice system’s primary goal of seeking the truth, a presentation of all the evidence should always be encouraged.
Id. at 1259 n. 2 (Sorondo, J., specially concurring).
Because we conclude that the trial court abused its discretion in summarily denying appellant’s request to reopen his case to testify, we reverse and remand for a new trial

Reversed and Remanded.

MAY and CONNER, JJ., concur.