NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | | |
|---|---|---|
| MARTICE SPEARS, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Case No. 2D15-1012 |
| | ) | |
| STATE OF FLORIDA, | ) | |
| | ) | |
| Appellee. | ) | |
| | ) | |

Opinion filed August 26, 2016.

Appeal from the Circuit Court for Polk
County; Glenn T. Shelby, Judge.

Howard L. "Rex" Dimmig, II, Public
Defender, and John C. Fisher, Assistant
Public Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Peter Koclanes, Assistant
Attorney General, Tampa, for Appellee.

BADALAMENTI, Judge.

In this appeal, Martice Spears appeals his criminal convictions and

sentences in two unrelated cases, CF13-3400 (possession of a firearm by a convicted

felon) and CF14-0275 (grand theft). The trial court sentenced Spears to twelve years'

imprisonment for possession of a firearm by a convicted felon in CF13-3400, to run consecutively with the already imposed five-year sentence in CF14-0275. We vacate Spears's sentence in CF14-0275 and remand with instructions for the trial court to conduct a hearing on Spears's request to withdraw his guilty plea. We affirm Spears's conviction and sentence in CF13-3400 without comment.

The underlying facts relating to CF14-0275 are as follows: Spears attempted to exit through the front door of a Walmart with a shopping cart full of items for which he did not pay. The aggregate value of the items in the cart was $811.33. A Walmart employee noticed that Spears was pushing a shopping cart toward the front exit doors of the store and bypassing every point of sale. The employee intercepted Spears and asked him to produce a receipt. Spears refused. After a brief physical struggle, Spears released his hold on the shopping cart and fled into the parking lot. All of the stolen items in the cart were recovered.

Spears entered an open plea to the grand theft charge in CF14-0275. During the plea colloquy, the trial judge noted that the State intended to seek habitual felony offender sentencing. Spears indicated that this fact did not change his decision to plead guilty. The trial court accepted Spears's guilty plea but deferred adjudication and sentencing until a later date. The State subsequently filed a notice of intention to seek habitual felony offender sentencing.

The trial court thereafter held a sentencing hearing in CF14-0275. At that hearing, the State provided certified copies of prior convictions to establish Spears's status as a habitual felony offender, and asked that Spears be sentenced to five years' imprisonment followed by five years' probation. Spears personally addressed the court

and commented that, under the circumstances, he should not be required to serve any prison time because he did not succeed in taking any merchandise out of the store.

After Spears's comment, the trial judge decided to "get some mundane things out of the way" and began to calculate the appropriate sentencing fees and costs. The trial judge asked Spears if he felt that $100 was a reasonable attorney's fee, which prompted the following exchange:

> [THE COURT:] So do you agree that $100 is a reasonable attorney's fee, or would you want a hearing to determine –
>
> THE DEFENDANT [Spears]:  I would agree, Your Honor, but I will say—I also have a question for The Court.  If I don't like the sentence you give me, can I withdraw my plea?
>
> THE COURT: No—
>
> THE DEFENDANT:  I would like—(indiscernible)
>
> THE COURT:  —except that you can file—every defendant can always file a motion to withdraw plea.  That doesn't mean it would be granted.  It might be, it might not be.  You know, it's like any other motion, The Court has to consider and determine if it's appropriate to grant it or deny it.  So that would be the way you'd be looking at that, that if you understand that that's the way a motion to withdraw the plea would be handled, so do you wish to go ahead with this plea or are you –
>
> THE DEFENDANT:  I'd rather go to trial.
>
> THE COURT:  Okay.  Now you—at this point—now let's talk about where we're at as far as the status of this case.  You pled open back in September.  At that point I found you guilty, and then we set off disposition for today.  So I've already found you guilty, so in that sense I've already accepted your plea.
>
> THE DEFENDANT:  Yes, sir.

- 3 -

> THE COURT: And so— let's see here. Yes, I already accepted the plea back in September. So at this point, it's just a matter of disposition.
>
> THE DEFENDANT: (Indiscernible).
>
> The COURT: Pardon me?
>
> THE DEFENDANT: I apologize—(indiscernible).
>
> THE COURT: Okay. All right. <u>Well, I think the status of the case is that if it would not be appropriate anyway to withdraw a plea, you could file a motion to withdraw after disposition. But you know, I've already accepted your plea and found you guilty</u> . . . .

(Emphasis added.) After adjudicating Spears guilty on the grand theft charge and sentencing him to five years' imprisonment on that count, Spears blurted out, "Trial, man." The trial court did not address the comment and proceeded to inquire, "[A]re there any other matters?" Spears responded, "Trial, man." Again, the trial court did not address Spears's comment. As the trial court proceeded to explain that Spears had a right to appeal, Spears stated, "I steal nothing out of the store, and you're going to send me to prison, man?"

Florida Rule of Criminal Procedure 3.170(f) provides that "[t]he court may in its discretion, and <u>shall</u> on good cause, <u>at any time before a sentence</u>, permit a plea of guilty or no contest to be withdrawn." (Emphasis added.) An oral motion to withdraw a guilty plea after the plea has been accepted, but before the defendant has been sentenced, is not untimely. See <u>Lehmkuhle v. State</u>, 20 So. 3d 971, 974 (Fla. 2d DCA 2009); <u>see also</u> <u>J.D.F. v. State</u>, 870 So. 2d 86, 86-87 (Fla. 2d DCA 2003). This court has explained that "the law favors a trial on the merits," and rule 3.170(f) should thus be "liberally construed" in favor of the defendant. <u>Rivera v. State</u>, 136 So. 3d 609, 610

- 4 -

(Fla. 2d DCA 2013) (quoting Moraes v. State, 967 So. 2d 1100, 1101 (Fla. 4th DCA 2007)). When a defendant states that he would rather go to trial than be sentenced pursuant to a plea of guilty or nolo contendere, such a statement may be sufficient to constitute an oral motion by the defendant to withdraw his plea. See Tanzi v. State, 964 So. 2d 106, 111-12 (Fla. 2007) (construing a defendant's statements that he was dissatisfied with his counsel and that he "should have a guilt phase jury since he was being forced to have a penalty phase jury" as an "oral motion to withdraw his plea" under rule 3.170(f)).

After Spears requested that he would "rather go to trial," the trial court was placed on notice that Spears would rather proceed forward on the merits and thus desired to withdraw his guilty plea. To exclude any doubt of his desire to proceed forward with a trial on the merits, Spears twice exclaimed "Trial, man" during the sentencing hearing. The trial court did not acknowledge Spears's remarks. The trial court should have, as a matter of due process, afforded Spears "an opportunity to present argument and be heard" on his oral motion to withdraw his plea. Morales v. State, 973 So. 2d 679, 681 (Fla. 2d DCA 2008) (quoting Gunn v. State, 643 So. 2d 677, 679 (Fla. 4th DCA 1994)). On this record, it appears that the trial court's misunderstanding that the Florida Rules of Criminal Procedure only permit a criminal defendant to move to withdraw a guilty plea after sentencing could be a reason the trial court did not further inquire as to Spears's proclamation that he "would rather go to trial." The trial court's actions denied Spears due process of law and directly contravened the plain language of rule 3.170(f), which permits a court to entertain a motion to withdraw a guilty plea "at any time before a sentence."

- 5 -

We are mindful that a criminal defendant represented by counsel cannot move to withdraw his plea pro se. Indeed, such a motion would be a nullity absent defense counsel's adoption of the pro se motion. See State v. Tait, 387 So. 2d 338, 339-40 (Fla. 1980) ("The sixth amendment does not guarantee that the accused can make his own defense personally and have the assistance of counsel."); see also Murray v. State, 1 So. 3d 407, 408 (Fla. 2d DCA 2009). But we are faced with unusual facts and circumstances in this case. Here, the trial court affirmatively misadvised all present that Spears did not have the right to move to withdraw his plea until after the sentencing hearing. Erroneously believing Spears had no right to withdraw his guilty plea at that juncture, the trial court abruptly cut Spears off and did not even afford Spears's counsel the opportunity to adopt Spears's pro se motion. Cf. Gunn, 643 So. 2d at 679 (holding that trial court violated a defendant's procedural due process rights by abruptly cutting off a defendant's pro se oral motion to withdraw plea prior to sentencing, where defense counsel neglected to make or adopt his client's motion).[1]

We therefore vacate Spears's sentence in CF14-0275 and remand with instructions for the trial court to conduct a hearing on Spears's oral motion to withdraw his guilty plea. See Morales, 973 So. 2d at 681 (holding that a defendant who orally moved to withdraw his plea at the beginning of sentencing should have been given an opportunity to present argument and be heard on his motion to withdraw plea before being sentenced). We express no opinion as to the disposition of Spears's motion to

---

[1]While Spears could have moved to withdraw his plea after sentencing, the permissible grounds for withdrawing a plea after a sentencing hearing are more limited than those for withdrawing a plea before the imposition of sentence. See State v. Partlow, 840 So. 2d 1040, 1042 (Fla. 2003).

withdraw his guilty plea in CF14-0275.  We affirm Spears's appeal of his conviction and sentence in CF13-3400 in all respects.

Sentence vacated in CF14-0275; remanded for further proceedings consistent with this opinion.

CASANUEVA and LUCAS, JJ., Concur.