# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2023-2765
Lower Tribunal No. CF21-002658-XX

_____

DASMOND BRANNON,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the Circuit Court for Polk County.
Sharon M. Franklin, Judge.

July 26, 2024

BROWNLEE, J.

Dasmond Brannon appeals the trial court's Order Dismissing Without Prejudice Defendant's Motion to Correct a Sentence; Motion for Jail Time Credit and Motion to Withdraw from Plea Agreement. He raises two issues on appeal. First, Brannon argues the trial court erred in finding it lacked jurisdiction to consider his post-judgment motions because Brannon's appeal was already pending in this court. Next, Brannon argues the trial court erred in dismissing his motion to

withdraw plea without first offering him the assistance of counsel. We find Brannon is entitled to relief on the second issue only and reverse.

Brannon was pro se throughout the relevant trial court proceedings. He was originally charged with child abuse and ultimately entered a no-contest plea to the lesser-included offense of contributing to the delinquency of a minor, as well as driving under the influence. After he pled and was sentenced, Brannon filed four documents with the lower court: a motion to correct sentence under Florida Rule of Criminal Procedure 3.800, a motion for jail time credit, a motion to withdraw from plea agreement, and a notice of appeal. The only motion docketed before the notice of appeal was Brannon's motion to correct sentence.

The trial court eventually entered an order dismissing the motions. The court first found it had no jurisdiction over the case because Brannon filed a notice of appeal, and that appeal was pending in this court. The trial court then stated:

> Furthermore, the Court notes that Defendant's motion for jail credit is facially insufficient   Additionally, Defendant's motion to withdraw plea does not set forth a legally sufficient basis for withdrawal of a plea after sentencing pursuant to rule 3.170(l). Lastly, Defendant appears to seek additional presentence jail credit in his motion to correct sentence.
> .   Defendant's claim should be brought in a motion under rule 3.801.

After finding the motions were legally insufficient, the trial court dismissed all three without prejudice "to Defendant's right to re-file the motions upon the Sixth District Court of Appeal issuing a mandate in the above referenced appeal." Brannon now appeals that order.

2

I.

Brannon first argues the trial court erred in finding it lacked jurisdiction to consider his post-judgment motions while the appeal was pending. According to Brannon, the motion to correct sentence, motion for jail credit, motion to withdraw plea, and notice of appeal were filed "virtually simultaneously," and thus the notice of appeal did not divest the trial court of jurisdiction. The State concedes error on this point, but, for the reasons that follow, we decline to reverse on this issue.[1]

As an initial matter, the parties are correct that the trial court had jurisdiction over the case at the time it entered the order dismissing the motions. But this is not because the motions and notice of appeal were filed "virtually simultaneously." Rather, the trial court retained jurisdiction over the case because Brannon's motion to correct sentence tolled rendition of the final order. Indeed, Brannon's motion was filed before the notice of appeal and sought relief under Florida Rule of Criminal Procedure 3.800(b)(1).[2] Motions filed under rule 3.800(b)(1) toll rendition of the final order for purposes of appeal. *See* Fla. R. Crim. P. 3.800(b)(1)(A) ("During the

---

[1] We are not bound by the State's concessions of error. *See I.R. v. State*, 49 Fla. L. Weekly D1177, D1178 (Fla. 6th DCA May 31, 2024).

[2] Although the trial court treated the motion as filed under Rule 3.800(a), the motion requested that the trial court "amend [Brannon's] sentence to reflect the proper amount of jail time credit . . . ." A correction of jail time credit is authorized by rule 3.800(b)(1), not rule 3.800(a). *See* Fla. R. Crim. P. 3.800(b)(1) ("A motion to correct any sentencing error, including an illegal sentence or incorrect jail credit, may be filed as allowed by this subdivision.").

time allowed for the filing of a notice of appeal of a sentence, a defendant or the state may file a motion to correct a sentencing error. . . . This motion shall stay rendition under Florida Rule of Appellate Procedure 9.020(h)."); *see also* Fla. R. App. P. 9.020(h)(1)(H) ("The following motions . . . toll rendition unless another applicable rule of procedure specifically provides to the contrary: motion to correct a sentence or order of probation under Florida Rule of Criminal Procedure 3.800(b)(1)."). [3] Rule 9.020(h)(2) then explains that "if a notice of appeal is filed before the rendition of an order disposing of all such motions, the appeal must be held in abeyance until the motions are either withdrawn or resolved by the rendition of an order disposing of the last such motion." Fla. R. App. P. 9.020(h)(2)(C). At the time Brannon filed his notice of appeal, the trial court had not yet rendered an order disposing of his rule 3.800(b)(1) motion. Therefore, his notice of appeal did not divest the trial court of jurisdiction. *Id.*

Nonetheless, Brannon is not entitled to reversal on this issue. His argument overlooks that the trial court's purported lack of jurisdiction was not the sole reason it dismissed the motions. Instead, the trial court also found that each motion was legally insufficient. Brannon does not address this additional finding on appeal.

---

[3] "An order is rendered when a signed, written order is filed with the clerk of the lower tribunal." Fla. R. App. P. 9.020(h).

Because he fails to challenge this independent basis for dismissal, we decline to reverse on this point.[4] *See Willens v. Willens*, 225 So. 3d 1017, 1018 (Fla. 1st DCA 2017) (Winsor, J., concurring) ("When a decision is based on more than one independent ground and the initial brief challenges only one, we must affirm." (citing *State v. J.V.*, 184 So. 3d 662, 662 (Fla. 1st DCA 2016) ("As the order on appeal had two grounds . . . , and as the State's initial brief only challenges the first ground . . . , we are compelled to affirm since reversal can only be premised on arguments made in the initial brief."))).

## II.

Brannon next argues the trial court "erred in failing to inform [him] of his right to the assistance of counsel in preparing and presenting" his motion to withdraw plea. On this point, we agree with Brannon and reverse.

Our analysis of this issue begins with our constitution. "Article I, section 16 [of the Florida Constitution] recognizes the right to counsel and self-representation in all criminal prosecutions." *Wilson v. State*, 76 So. 3d 1085, 1087–88 (Fla. 2d DCA 2011) (citing *Traylor v. State*, 596 So. 2d 957, 966–67 (Fla. 1992); *Brown v. State*, 45 So. 3d 110, 115 (Fla. 1st DCA 2010)). That section provides:

> In all criminal prosecutions the accused shall, upon demand, be informed of the nature and cause of the accusation, and shall be

---

[4] Further, because these findings were not challenged on appeal, we do not consider whether the trial court was correct in finding that the motions were legally insufficient.

furnished a copy of the charges, and shall have the right to have compulsory process for witnesses, to confront at trial adverse witnesses, to be heard in person, by counsel or both, and to have a speedy and public trial by impartial jury in the county where the crime was committed.

Art. I, § 16, Fla. Const.

In *Traylor*, the Florida Supreme Court explained:

Once the defendant is charged—and the Section 16 rights attach—the defendant is entitled to decide at each crucial stage of the proceedings whether he or she requires the assistance of counsel. At the commencement of each such stage, an unrepresented defendant must be informed of the right to counsel and the consequences of waiver.

596 So. 2d at 1087–88. This requirement is codified in rule 3.111(d)(5): "[i]f a waiver is accepted at any stage of the proceedings, the offer of assistance of counsel shall be renewed by the court at each subsequent stage of the proceedings at which the defendant appears without counsel."

A motion to withdraw plea filed pursuant to rule 3.170(*l*) is a "critical stage of the proceedings." *See Wofford v. State*, 819 So. 2d 891, 891–92 (Fla. 1st DCA 2002); *Padgett v. State*, 743 So. 2d 70, 73 (Fla. 4th DCA 1999) ("[W]e conclude that a motion filed pursuant to rule 3.170(*l*) does not amount to a collateral attack upon the conviction, but rather is a critical stage in the direct criminal proceeding against the defendant at which the accused must be entitled to effective assistance of counsel."). Therefore, when a motion to withdraw plea is filed by an unrepresented defendant, trial courts are obligated to renew the offer of counsel prior to addressing

6

the merits of the motion. *See Passino v. State*, 174 So. 3d 1055, 1057 (Fla. 4th DCA 2015) ("[A]s a rule 3.170(*l*) motion to withdraw plea is a critical stage of the proceedings, defendant was entitled to the appointment of counsel to assist him in drafting and pursuing the motion; the trial court should not have proceeded to consider the merits of defendant's motion without first appointing counsel.").

In this case, Brannon proceeded pro se throughout the trial court proceedings and similarly filed his post-judgment motions, including the motion to withdraw plea, pro se. The trial court diligently renewed the offer of counsel at each critical stage of the proceedings prior to accepting Brannon's plea. But it did not renew that offer before dismissing the motion to withdraw plea. Nor did Brannon waive his right to counsel at this stage. *See* Fla. R. Crim. P. 3.111(d)(4) ("A waiver of counsel made in court shall be of record; a waiver made out of court shall be in writing with not less than 2 attesting witnesses. The witnesses shall attest the voluntary execution thereof."). Consequently, we are compelled to reverse. *See Tipler v. State*, 149 So. 3d 1192, 1193 (Fla. 1st DCA 2014) ("Because Appellant was completely denied representation and assistance with regard to his motion to withdraw plea, reversal is required." (citing *Stephens v. State*, 141 So. 3d 701, 702 (Fla. 4th DCA 2014) (reversing summary denial of a motion to withdraw plea because the appellant's counsel withdrew prior to the court's ruling on the motion))); *State v. Young*, 626 So. 2d 655, 657 (Fla. 1993) ("We conclude that the United States Supreme Court

7

decision in *Faretta* [*v. California*, 422 U.S. 806 (1975),] and our rule 3.111(d) require a reversal when there is not a proper *Faretta* inquiry.").

Because Brannon was not represented by counsel at the time he moved to withdraw his plea, and because the trial court never offered Brannon the assistance of counsel at this new, critical stage of the proceedings, we reverse that portion of the trial court's order dismissing Brannon's motion to withdraw plea and remand for further proceedings consistent with this opinion.

REVERSED and REMANDED, with instructions.

NARDELLA and GANNAM, JJ., concur.


Howard L. "Rex" Dimmig, II, Public Defender, and Megan Olson, Assistant Public Defender, Bartow, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and Cynthia Richards, Assistant Attorney General, Tampa, for Appellee.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED