# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

No. 1D2023-1856

———————————————

RONALD THOMAS,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

———————————————

On appeal from the Circuit Court for Madison County.
Melissa G. Olin, Judge.

September 18, 2024

PER CURIAM.

Ronald Thomas appeals his judgment and sentence for fleeing at high speed or with reckless driving in an attempt to elude a law enforcement officer with lights and sirens activated, resisting an officer without violence, and driving without a valid Florida driver license. *See* §§ 316.1935(3)(a), 843.02, 322.03, Fla. Stat. (2022). He claims the trial court erred in not allowing him to testify. We disagree and affirm.

During an in chambers conference following jury selection, Thomas was warned against further disruptive behavior in court. At the conference, Thomas stated that he had his driver license. The trial proceeded, and after the State rested its case in chief, Thomas was asked if he wanted to testify. Three times, including

during a detailed colloquy under oath, Thomas stated that he did not want to testify. The defense then rested without calling any witnesses and closing arguments were made.

While the trial judge was reading the instructions to the jury, Thomas interrupted and requested to "make a statement, if possible." At sidebar, Thomas expressed his change of heart and desire to testify after all. He told the court again that he had a driver license from the State of Georgia that would provide a defense to the no valid driver license charge. Considering Thomas' pro se request as a motion to reopen his case, the judge denied the request. The judge referred to the opportunities provided to Thomas to present his case and the colloquy about his decision not to testify just before Thomas, through defense counsel, rested his case.

We find no abuse of the trial court's discretion in denying Thomas' request to reopen his case to allow him to testify. Thomas' contention that he had a valid driver license was known to Thomas before he repeatedly declined the chance to testify. Considering the request a motion to reopen, the trial court did not abuse its discretion in determining the motion to be untimely. *See Donaldson v. State*, 722 So. 2d 177, 181 (Fla. 1998); *Hood v. State*, 808 So. 2d 1257, 1259 (Fla. 3d DCA 2002) (Sorondo, J., specially concurring). The trial court's rejection of Thomas' request was well within the court's discretion based on the other factors to be considered in determining motions to reopen. *See Gibson v. State*, 199 So. 3d 1063, 1066 (Fla. 4th DCA 2016).

Because the sentences for counts II and III as imposed by the trial court are not included in the written sentence, the sentence is remanded for correction to reflect the court's oral pronouncement. *Gray v. State*, 370 So. 3d 711 (Fla. 1st DCA 2023). The judgment and sentences are otherwise affirmed.

AFFIRMED and REMANDED with instructions.

ROBERTS, BILBREY, and M.K. THOMAS, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____


Jessica J. Yeary, Public Defender, and Tyler Kemper Payne, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Christina Piotrowski, Assistant Attorney General, Tallahassee, for Appellee.